UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-727 _____      _____ Caption [use short title] _____

Motion for: to dismiss the appeal for lack of jurisdic

_____

_____

Set forth below precise, complete statement of relief sought:

to dismiss the appeal for lack of jurisdiction and        Harger Da Silva v NYCTA et al

it is substantively frivolous.

_____

_____

_____

_____

| | |
|---|---|
| MOVING PARTY: Plaintiff / Appellee | OPPOSING PARTY: Defendants / Appellants |
| ☐ Plaintiff   ☐ Defendant | |
| ☐ Appellant/Petitioner   ☐ Appellee/Respondent | |

MOVING ATTORNEY: Elliot Shields          OPPOSING ATTORNEY: Andrew Keaveney

[name of attorney, with firm, address, phone number and e-mail]

Roth & Roth, LLP, 192 Lexington Ave, Suite 802     Landman Corsi Ballaine & Ford P.C.; 120 Broadway

New York, New York 10016; 212-425-1020;      13th Floor, New York, New York 10271; 212-238-480

eshields@rothandrothlaw.com        akeaveney@lcbf.com

Court- Judge/ Agency appealed from: EDNY - Federic Block

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                    INJUNCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):     Has this request for relief been made below?   ☐ Yes ☐ No
  ☑ Yes   ☐ No (explain):_____     Has this relief been previously sought in this court?   ☐ Yes ☐ No
  _____     Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:           _____
  ☐ Unopposed ☑ Opposed ☐ Don't Know           _____
Does opposing counsel intend to file a response:     _____
  ☑ Yes   ☐ No   ☐ Don't Know              _____

Is oral argument on motion requested?   ☑ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date:_____

Signature of Moving Attorney:

_Elliot Shields_____ Date: April 23, 2025   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---

LUISA JANSSEN HARGER DA SILVA,

                      Plaintiff-Appellee,

        -against-

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION
AUTHORITY, AND RAQIA SHABAZZ,

                Defendants-Appellants.

Docket No. 25-727

---

### PLAINTIFF–APPELLEE'S MOTION TO DISMISS APPEAL

Pursuant to Federal Rule of Appellate Procedure 42(b), Plaintiff–Appellee Luisa Janssen Harger Da Silva respectfully moves to dismiss Defendants–Appellants' appeal for lack of appellate jurisdiction and because the appeal as frivolous.

### SUMMARY OF THE ARGUMENT

This appeal represents an improper attempt to secure interlocutory review of a non-final order denying summary judgment on two state-law affirmative defenses: governmental function immunity and qualified immunity under New York law. (Summary Judgment Memorandum and Order attached hereto as **Exhibit 1**). Such review is fundamentally barred by the final judgment rule codified in 28 U.S.C. §

1291, and this appeal does not fall within the narrow confines of the collateral order doctrine when applying controlling federal standards.

As this Court held definitively in *In re World Trade Center Disaster Site Litigation*, 521 F.3d 169 (2d Cir. 2008), New York's governmental function immunity is a defense to liability, not an immunity from suit under federal jurisdictional principles, and thus its denial is not immediately appealable. Similarly, with respect to the municipal Defendants-Appellants—the New York City Transit Authority and the Metropolitan Transportation Authority—New York's qualified immunity operates as an affirmative defense, not a right to avoid trial qualifying for interlocutory review.

Even if a jurisdictional basis theoretically existed, the appeal is objectively frivolous. Defendants' assertion of governmental function immunity flies in the face of over a century of unbroken and recently reaffirmed New York precedent establishing subway operation as a proprietary function. Their appeal regarding qualified immunity improperly seeks review of the District Court's determination that genuine disputes of material fact precluded summary judgment—a basis for denial explicitly held unreviewable on an interlocutory basis by the Supreme Court in *Johnson v. Jones*, 515 U.S. 304 (1995).

The District Court (Block, J.) recognized the appeal's lack of merit at the April 3, 2025, Pre-Trial Conference, stating it appeared frivolous based on Plaintiff's pre-

motion letter, and proceeded to set a trial date for October 27, 2025. (Pre-Motion letter attached hereto as **Exhibit 2**; ECF bounce dated April 3, 2025 attached hereto as **Exhibit 3**). While permitting full briefing on Plaintiff's motion to certify the appeal as frivolous (returnable on May 13, 2025, see **Exhibit** 4)**,** the Court's actions in setting a trial date and indicating it would not delay the trial pending the appeal underscore the appeal's weakness.

Plaintiff had an in person meet and confer with Defendants on April 2, 2025, and wrote a follow up letter the same day, in which Plaintiff advised Defendants of the appeal's jurisdictional defects and substantive flaws, and requested that Defendants withdraw the appeal. (April 2, 2025 letter annexed hereto as **Exhibit 5**). Defendants refused. Furthermore, Defendants failed to advise this Court of the pending motion below to certify the appeal as frivolous and retain jurisdiction.

Because the appeal lacks a jurisdictional basis under § 1291 and the collateral order doctrine, and because it is substantively frivolous and serves only to delay this nine-year-old litigation, Plaintiff respectfully requests dismissal.

## ARGUMENT

I. **THIS COURT LACKS APPELLATE JURISDICTION UNDER 28 U.S.C. § 1291 BECAUSE THE DENIAL OF SUMMARY JUDGMENT ON NEW YORK STATE-LAW IMMUNITIES IS NOT AN APPEALABLE COLLATERAL ORDER.**

### A. The Final Decision Rule and the Narrow Collateral Order Doctrine

3

Federal appellate jurisdiction is statutorily limited, primarily to "final decisions" of the district courts. 28 U.S.C. § 1291. This rule reflects a deliberate congressional policy against piecemeal litigation, promoting judicial efficiency and preventing the disruption of trial proceedings. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). Interlocutory appeals are therefore "the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995).

The collateral order doctrine provides a narrow exception to § 1291 for a small class of non-final orders. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). To qualify under federal standards, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Will v. Hallock*, 546 U.S. 345, 349 (2006). This test is stringent, and all three conditions must be met. *Id.*

The third prong—effective unreviewability—is dispositive here. For denials of immunity, this prong is met only if the immunity asserted is a true "immunity from suit," meaning a right not to stand trial at all, rather than merely a "defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985). The rationale is that the value of an immunity *from suit* (an entitlement to avoid the burdens of litigation itself) is irretrievably lost if trial proceeds. *Id.* If the asserted right is simply a defense against liability, it can be effectively vindicated on appeal after a final judgment, and

the ordinary burdens of litigation do not satisfy the third prong. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 878-79 (1994). Whether a state-law defense confers such an immunity from suit is determined by its nature and effect under federal jurisdictional principles, not state labels. *See In re World Trade Center*, 521 F.3d at 181-82.

### B. New York Governmental Function and Qualified Immunities Are Defenses to Liability, Not Immunities From Suit Qualifying for Interlocutory Appeal.

Defendants' appeal fails because neither New York governmental function immunity nor New York qualified immunity constitutes an "immunity from suit" under the controlling federal collateral order doctrine analysis.

### 1. *Governmental Function Immunity*

This Court's precedent is directly controlling and dispositive. In *In re World Trade Center Disaster Site Litigation*, 521 F.3d 169 (2d Cir. 2008), this Court squarely addressed whether the denial of summary judgment based on New York's governmental function immunity was immediately appealable under the collateral order doctrine. The Court unequivocally held it was not. *Id.* at 181–82. The Court reasoned that this state-law doctrine functions as a defense to liability—shielding the state or municipality from damages under certain circumstances related to discretionary governmental acts—but it does not confer a right to avoid the litigation process itself under federal law. *Id.* Therefore, its denial fails the "effectively

unreviewable" prong of the collateral order test. Defendants' attempt to appeal the denial of this defense is thus foreclosed by binding Second Circuit precedent.

### 2. *Qualified Immunity*

Similarly, New York's qualified immunity doctrine operates as an affirmative defense to liability, not an immunity from suit qualifying for interlocutory appeal. This Court in *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007), recognized New York qualified immunity as an affirmative defense that must be pleaded and preserved by the defendant. New York courts consistently treat it as such, confirming it is a defense against ultimate liability rather than a bar to the suit itself. *See, e.g., Pitts v. State*, 166 A.D.3d 1505, 1506 (4th Dep't 2018) (treating qualified immunity as an affirmative defense that is waived if not pleaded); *Santaiti v. Town of Ramapo*, 162 A.D.3d 921, 924 (2d Dep't 2018) (analyzing governmental immunity as a defense); *Avila v. State*, 39 Misc. 3d 1064, 1069 (Ct. Cl. 2013) (describing governmental and qualified immunity as defenses best pleaded in the answer). Because it is a defense to liability, its denial can be effectively reviewed after a final judgment and does not meet the stringent requirements for interlocutory appeal under *Mitchell* and *Will*.

As neither state-law defense constitutes an immunity from suit whose denial is effectively unreviewable post-judgment under federal law, the District Court's

order does not satisfy the collateral order doctrine's requirements. This Court therefore lacks jurisdiction under 28 U.S.C. § 1291.

## II. EVEN IF JURISDICTION EXISTED, THE APPEAL IS PATENTLY FRIVOLOUS.

An appeal is frivolous if it lacks an arguable basis in law or fact. *See In re Drexel Burnham Lambert Grp., Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993). Defendants' appeal meets this standard on both asserted grounds.

### A. The Governmental Function Immunity Argument Is Foreclosed by Over a Century of Settled New York Law.

Defendants' attempt to invoke governmental function immunity for the operation of the New York City subway system is legally baseless. New York law distinguishes between governmental functions (undertaken pursuant to general police powers, often shielded by immunity for discretionary acts) and proprietary functions (activities substituting for or competing with private enterprise, subject to ordinary tort liability). *See Turturro v. City of New York*, 28 N.Y.3d 469, 478 (2016).

For over 115 years, the New York Court of Appeals and lower courts have uniformly, consistently, and without exception held that the operation of the New York City subway system is a proprietary function. *See Matter of Bd. of R.T. R.R. Comm'rs. of N.Y.C.*, 197 N.Y. 81, 96 (1909) ("The construction and operation of a subway is not a street use, but a business enterprise."). This principle remains undisputed bedrock law, repeatedly reaffirmed up to the present day. *See, e.g.,*

*Clinger v. N.Y.C. Transit Auth.*, 85 N.Y.2d 957, 959 (1995); *Martinez v. N.Y.C. Transit Auth.*, 203 A.D.3d 87, 93 (1st Dep't 2022) ("NYCTA's function as operator of the subway system is proprietary"). Most recently, a New York Supreme Court decision explicitly rejected arguments seeking to reclassify subway operations as governmental even when presented with new evidentiary records regarding security and safety measures, finding the proprietary classification firmly and definitively established. *See Martinez v. N.Y.C. Transit Auth.*, No. 153421/2017, 2025 WL 656394, at *5 (N.Y. Sup. Ct. Feb. 28, 2025).

Against this overwhelming, unbroken, and recently reaffirmed precedent, Defendants' argument for governmental function immunity lacks any arguable basis in law. It is a frivolous attempt to relitigate a definitively settled issue.

Furthermore, any suggestion that this Court might certify the issue to the New York Court of Appeals is equally frivolous. Certification is reserved for *unsettled*, determinative questions of state law where authoritative guidance is lacking. *See McCarthy v. Olin Corp.*, 119 F.3d 148, 153–54 (2d Cir. 1997); *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005). The proprietary nature of subway operations is unequivocally settled under New York law.

## B. The Qualified Immunity Argument Improperly Seeks Review of Fact-Based Determinations Barred by *Johnson v. Jones*.

The appeal concerning qualified immunity is frivolous for a different, equally fundamental reason: it seeks review of a determination explicitly held unreviewable

on an interlocutory basis. Judge Block denied summary judgment on qualified immunity precisely because he found "genuine disputes of material fact" regarding the reasonableness and feasibility of the subway safety measures at issue.

The Supreme Court in *Johnson v. Jones*, 515 U.S. 304 (1995), held that a defendant entitled to invoke a qualified immunity defense may *not* appeal a district court's summary judgment order insofar as that order determines whether the pretrial record sets forth a "genuine" issue of fact for trial. *Id.* at 319–20. Interlocutory appeal under the collateral order doctrine is limited to reviewing purely legal questions, such as whether the asserted right was clearly established at the time; it does not extend to reviewing the district court's assessment of evidentiary sufficiency or the existence of factual disputes requiring trial resolution. *Id.* This Court consistently applies this critical jurisdictional limitation. *See, e.g., Nat'l Rifle Ass'n of Am., Inc. v. Vullo*, 49 F.4th 700, 712 (2d Cir. 2022) ("We lack jurisdiction over appeals challenging the district court's determination of evidence sufficiency on summary judgment.").

Because Judge Block denied qualified immunity based on the existence of genuine factual disputes, Defendants' attempt to appeal that determination directly contravenes *Johnson v. Jones*. It lacks an arguable legal basis under controlling Supreme Court precedent and is therefore frivolous.

## CONCLUSION

For all the foregoing reasons, Plaintiff–Appellee respectfully requests that this Court enter an Order dismissing the appeal for lack of appellate jurisdiction under 28 U.S.C. § 1291 and because it is substantively frivolous.

Dated:       New York, New York
              April 23, 2025        Respectfully submitted,

*Elliot Shields*

—————————————————

Elliot Dolby Shields
Roth & Roth, LLP
Counsel for Plaintiff-Appellee
192 Lexington Avenue, Suite 802
New York, New York 10016
Phone: (212) 425 1020
E-mail:eshields@RothandRothLaw.com

## <u>CERTIFICATION</u>

ELLIOT SHIELDS, hereby declares under penalty of perjury that the following is true and correct:

I am the attorney for Plaintiff-Appellee herein, I hereby certify, pursuant to FRAP 32(g)(1), that this document complies with the type-volume limitation of FRAP 27(d)(2)(A) in that it contains 1941 words, excluding the parts exempted by FRAP 32(f). The number of words has been determined by using the word count function of Microsoft Word 2025.

Dated:     New York, New York
          April 23, 2025          Respectfully submitted,

*Elliot Shields*
_____
Elliot Dolby Shields
Roth & Roth, LLP
Counsel for Plaintiff-Appellee
192 Lexington Avenue, Suite 802
New York, New York 10016
Phone: (212) 425 1020
E-mail:eshields@RothandRothLaw.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUISA JANSSEN HARGER DA SILVA,<br><br>          Plaintiff,<br><br>   -against-<br><br>NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, AND RAQIA SHABAZZ,<br><br>          Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 17-CV-4550 |

*For the Plaintiff:*
ELLIOT DOLBY SHIELDS
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, New York 10016

*For the Defendant:*
ANDREW P. KEAVENEY
Landman Corsi Ballaine & Ford P.C.
120 Broadway 13th Floor
New York, New York 10271

**BLOCK, Senior District Judge:**

Plaintiff Luisa Janssen Harger Da Silva ("Plaintiff" or "Da Silva") brought negligence claims against Defendants New York City Transportation Authority ("NYCTA" or "TA"), Metropolitan Transportation Authority ("MTA"), and Raquia Shabazz ("Shabazz") (collectively "Defendants") for injuries sustained by being struck by a subway train. Defendants have moved for summary judgment to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 56. Plaintiff has moved for leave to file a sur-reply. For the following reasons, Defendants'

motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's motion to leave to file a sur-reply is DENIED.

## I.   BACKGROUND

The following facts—drawn from the parties' pleadings, Rule 56.1 statements, and supporting documentation—are undisputed unless otherwise noted. The Court construes all evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in that party's favor. *See Capital Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir. 2025).

On August 2, 2016, Plaintiff fainted and fell onto the tracks at the Atlantic Avenue-Barclays Center subway station ("Atlantic Terminal station"). Compl., ¶ 24, ECF No. 1. A northbound "B" train operated by Defendant Shabazz severed Plaintiff's left arm and left leg. *Id.*

A year after the accident, Plaintiff filed suit. She alleges four causes of action, contending that her injuries resulted from negligence: (1) in the train's operation; (2) in the ownership, maintenance, and design of the platform edge by failing to have platform barriers like platform screen doors ("PSDs"); (3) in failing to communicate with the train operator with track intrusion devices ("TIDs"); and (4) in the maintenance of the train and platform. *See id.* at ¶¶ 62–142.

Shabazz is an employee of NYCTA. NYCTA is a public benefit corporation and a subsidiary of the MTA, which is also a public benefit corporation. NYCTA and

the MTA manage New York City's subway system. Pl.'s Counterstatement of Facts ("SOF") ¶¶ 7–8, ECF No. 249.

The Atlantic Terminal station had neither platform barriers like PSDs nor track TIDs. *See id.* at ¶ 24. TIDs use sensors and cameras to detect unauthorized access to the track. The train did not have defects. *Id.* at ¶ 34.

The parties dispute, *inter alia*, whether: Shabazz could have stopped before the train hit Plaintiff, *id.* at ¶ 1, the MTA and NYCTA conducted a legitimate safety study on platform barriers and TIDs, *id.* at ¶ 21, and whether it was financially feasible for the MTA and NYCTA to install PSDs, *id.* at ¶ 23.

## II.    DISCUSSION

### A.  Plaintiff's Motion for Leave to File a Sur-Reply

As a preliminary matter, the Court denies Plaintiff's motion for leave to file a sur-reply. A sur-reply is appropriate only in "the exceptional though rare case" where a "party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court," or when "[the court] determines . . . that it wishes further briefing . . . and orders the submission of additional papers." *Sec. & Exch. Comm'n v. Xia*, No. 21-CV-5350, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) (alterations in original).[1] When

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

"the reply papers merely respond to points raised in opposition to the underlying motion, fairness does not ordinarily demand further briefing." *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, No. 19-CV-1290, 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022).

Plaintiff requests to file a sur-reply because Defendants installed fixed guardrails at subway stations days after Plaintiff filed the opposition brief, which allegedly undermines Defendants' arguments about the infeasibility and safety concerns of the guardrails. ECF No. 255 at 1. But Plaintiff's accident did not occur at any of those stations. ECF No. 258 at 2.

The Court agrees with Defendants that "fixed guardrails at stations *other than* the one at-issue in this case is not a 'new issue[.]'" *Id.* at 3 (emphasis in original). Plaintiff previously made this argument in her statement of facts by submitting a photograph of fixed guardrails at the Times Square Shuttle station. SOF at ¶ 53.

Regardless of the substance of the sur-reply, the Court may exclude the parties' unauthorized sur-replies based on procedural impropriety. *See Neary v. Weichert*, 489 F. Supp. 3d 55, 62 (E.D.N.Y. 2020) ("The decision to permit a litigant to submit a sur-reply is a matter left to the Court's discretion."). "Procedurally, the party seeking to submit reply papers should submit an informal request in writing . . . [in advance of filing its sur-reply]," to avoid "placing the [sur-reply] before the court, [and] thereby reducing the question of whether the [sur-reply] should be

accepted for filing to relative unimportance." *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384–85 (S.D.N.Y. 1975). In this instance, Plaintiff's sur-reply is procedurally improper because it was collectively filed with the submission request. *See generally* ECF No. 255.

Thus, the Court denies Plaintiff's motion to file a sur-reply and does not consider it in resolving Defendants' motion for summary judgment.

### B. Defendants' Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Martinez v. Agway Energy Servs., LLC*, 88 F.4th 401, 409 (2d Cir. 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006).

"[A]s a general matter, a federal district court sitting in diversity jurisdiction must apply the *substantive* law of the state in which it sits." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Thus, the Court applies New York substantive law.

The following material facts are in dispute on most of Defendants' affirmative defenses and Plaintiff's claims, precluding summary judgment on all claims but one.

### 1. Government Function Immunity

Defendants TA and the MTA claim that summary judgment should be granted because they are entitled to government function immunity.[2] Under New York law, "[w]hen a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose." *Turturro v. City of New York*, 28 N.Y.3d 469, 477 (2016) (quoting *Applewhite v. Accuhealth, Inc.*, 21 N.Y.3d 420, 425 (2013)). "If the municipality's actions fall in the proprietary realm, it is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties." *Applewhite*, 21 N.Y.3d at 425.

"A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises." *Id.* By

---

[2] Defendant Shabazz does not argue that she is entitled to government function immunity because she is an individual, not a public benefit corporation.

6

contrast, "a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers." *Id*.

For the past century, New York state courts have consistently held that operating the subway system is a proprietary function. *See, e.g.*, *Martinez v. N.Y.C. Transit Auth.*, 203 A.D.3d 87, 93 (1st Dep't 2022) ("[S]ince transportation is traditionally operated by private enterprise, it constitutes a proprietary function when performed by a governmental entity (such as the TA)"); *Pedraza v. New York City Transit Auth.*, 203 A.D.3d 95, 105 (1st Dep't 2022) ("[C]laims arising from ownership and care relating to transportation of passengers, which traditionally has been operated by private enterprise, implicate a proprietary function when performed by a governmental entity (such as the TA)"); *New York & Queens Elec. Light & Power Co. v. City of New York*, 221 A.D. 544, 544 (1st Dep't 1927) ("The city of New York acted in a proprietary capacity and not in the exercise of a governmental function when it constructed an elevated railroad in Roosevelt avenue in the borough of Queens."); *Matter of Bd. of R.T. R.R. Comm'rs. of New York City*, 197 N.Y. 81, 96 (1909) ("[T]he subway is a business enterprise of the city, through which money may be made or lost, the same as if it were owned by an ordinary railroad corporation. It was built by and belongs to the city as a proprietor, not as a sovereign.")

So too here. The Court adheres to the holdings of New York courts that the operation of the subway system is a proprietary function. Thus, the TA and the MTA are not entitled to government function immunity.

## 2. Qualified Immunity

Even though they were acting in a proprietary capacity, MTA and the TA argue that they are still entitled to qualified immunity if "their decisions regarding platform safety evolved following adequate studies and had a reasonable basis." Def's. Mem. in Supp. Summ. J. at 9, ECF No. 247. Under the New York state law doctrine of qualified immunity, "where government officials are clothed with the authority to make planning decisions with regard to infrastructure, courts will not permit those decisions to be questioned if they have a 'reasonable basis' in safety and efficiency considerations." *Pedraza*, 203 A.D.3d at 96. "In order to establish entitlement to qualified immunity, the defendant must demonstrate that a public planning body considered and passed upon the same question of risk as would go to a jury." *Jackson v. New York City Transit Auth.,* 30 A.D.3d 289, 290 (1st Dep't 2006).

Qualified immunity cannot here be determined as a matter of law because the underlying facts are in dispute. *Cf. Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir.1999) ("[S]ummary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness."). The MTA and NYCTA argue that they are entitled to qualified immunity as to counts 2

and 3—failure to implement platform barriers and TIDs—because they conducted reasonable safety studies. Defendants rely on the declaration of Tony Abdallah, the Chief Officer of the Field Operations Services unit at MTA and NYCTA. Decl. of Tony Abdallah ("Abdallah Decl.") ¶ 4, ECF No. 244. NYCTA allegedly took international trips to assess PSDs and TIDs, employed engineering firms to assess PSDs, and tested TIDs, among other efforts. *Id.* at ¶¶ 10, 21, 91. Installing PSDs would allegedly cost around $7 billion. *Id.* at ¶ 82.

Plaintiff's expert, Dr. Carl Berkowitz, is a transportation engineer who worked at the New York City Transportation Department. ECF No. 243-48 at 4. He claims that the documents Defendants cite do not qualify as reasonable safety studies under industry standards. *Id.* at 5. And Plaintiff cites to an offer by the Seoul Metropolitan Rapid Transit Corporation Authority ("SMRT") to install PSDs under a 30-year Build-Operate-Transfer ("BOT") agreement in New York, where the SMRT would cover costs to construct and maintain the PSDs in exchange for advertising rights on the doors of the platform screens. SOF at ¶ 283. Defendants respond that the SMRT proposal is not feasible because the lost advertising revenue would exceed the PSD installation costs. Def's Rep. Mem. in Supp. Summ. J. at 7, ECF No. 254.

There exist genuine disputes of material fact regarding whether the decision not to install PSDs and TIDs at the subject station had a reasonable basis. Credibility assessments of experts "are matters for the jury, not for the court on a motion for

summary judgment," *McClellan*, 439 F.3d at 144. Thus, the jury ought to resolve these factual disputes on the issue of qualified immunity. *See Turturro*, 28 N.Y.3d at 483 (finding that whether the City was entitled to qualified immunity was an issue to be resolved by the jury).

### 3. Negligence

#### i.    *Negligence in the Train Operation*

Negligence under New York law has three elements: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013). But under the emergency doctrine, a train operator who strikes a person is not liable for negligence if the accident was unavoidable. *Searcy v. New York City Transit Auth.*, 169 A.D.3d 1076, 1077 (2nd Dep't 2019).

A factual dispute exists about when Shabazz saw Plaintiff on the tracks. If Shabazz saw Plaintiff in time to stop, the emergency doctrine would not apply. Defendant allegedly saw Plaintiff fall on the tracks after the train entered the station and immediately applied the emergency breaks. ECF 243-46 at 211, 219. But per Plaintiff, Shabazz told the police on the day of the accident that "she observed the [Plaintiff] on the track as the train was entering the station." Memo to Chief of Transit at 1, ECF No. 248-1.

There exist genuine disputes of material fact regarding whether Shabazz could have stopped the train that preclude summary judgment on this claim. Credibility assessments of competing accounts should be resolved by the jury. Thus, the motion for summary judgment on count 1 is denied.

> ii.    *Negligence for Failing to Install Platform Barriers and TIDs*

Count 2 alleges negligence for failing to install platform barriers and count 3 alleges the same for TIDs. The factual disputes discussed in the qualified immunity issue also preclude summary judgment on these two counts. The MTA and NYCTA argue that installing platform barriers—especially PSDs—was not feasible due to structural concerns and costs. Defendants allegedly chose not to install PSDs at the Atlantic Terminal station after studies, research, investigations, and reports. Def's Rule 56.1 Statement at ¶¶ 24, 26. But "Plaintiff's experts have determined that the Transit Authority's analysis was faulty, and that PSDs were feasible at the subject station and most other stations throughout the subway system." SOF at ¶ 22. And Plaintiff argues that the MTA rejected offers to install PSDs at no cost. Pl's Mem. in Opp'n. Summ. J. at 16, ECF No. 252.

The MTA and NYCTA allege to "have studied and tested track intrusion devices." Def's Rule 56.1 Statement at ¶ 28. They argue that TIDs have technical issues like false positives that could disrupt train operations. Regarding TIDs,

Plaintiff alleges that they are effective and "Defendants did not conduct any study prior to Plaintiff's accident." SOF at ¶ 28.

There exist genuine disputes of material fact regarding whether Defendants could feasibly have installed platform barriers and failed to explore viable TID safety technology that preclude summary judgment on this claim. Thus, summary judgment on counts 2 and 3 are denied.

> iii.    *Negligence in Train and Platform Maintenance*

Plaintiff fails to raise a genuine dispute of material fact as to whether there was negligence in train and platform maintenance. On count 4, Plaintiff argues that poor lighting at the platform and a defective braking system on the train contributed to the accident. Compl. at ¶ 140. But the record contains no evidence to support these allegations. Rather, maintenance records Defendants provide contradict these allegations. *See, e.g.*, Train Trouble Report Ex. QQ, ECF No. 243-43; Post Incident Inspection Report Ex. RR, ECF No. 243-44; and CTA Cleaning Report Ex. SS, ECF No. 243-45.

Unsubstantiated conclusory allegations about poor lighting and defective brakes contradicted by evidence do not present "a 'genuine' dispute . . . which the evidence would permit a reasonable juror to find for the party opposing the motion." *Figueroa*, 825 F.3d at 98. Thus, the Court grants summary judgment for the Defendants on count 4.

## III.   CONCLUSION

Accordingly, Defendants' motion for summary judgment is DENIED as to counts 1–3 and GRANTED as to count 4. Plaintiff's motion to leave to file a sur-reply is DENIED

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 6, 2025

# EXHIBIT 2

# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

March 27, 2024

**VIA ECF**
Hon. Frederick Block
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re:    *Da Silva* v. *NYCTA, et al,* 17-cv-4550 (FB)(VMS)

Dear Judge Block:

My firm is co-counsel for Plaintiff in the above matter. I write to request a pre-motion conference regarding Plaintiff's anticipated motion to certify as frivolous Defendants' interlocutory appeal on the issues of "governmental function" and "qualified" immunity. ECF 261. Crucially, because the anticipated appeal is frivolous, it does not divest this Court of jurisdiction. Plaintiff therefore respectfully requests that the Court allow these proceedings to continue despite Defendants' filing of any notice of appeal, as further delay would inflict substantial prejudice on Plaintiff, who has awaited a trial date since suffering catastrophic injuries nearly nine years ago.

## I.    Defendants' Governmental Immunity Appeal Is Frivolous

Defendants' appeal from the denial of governmental immunity (also referred to as absolute or "government function" immunity) is patently frivolous. As Your Honor recognized in the March 6, 2025 decision (ECF No. 260), "for the past century, New York state courts have consistently held that operating the subway system is a proprietary function," not a governmental one. *Id*. at 7. In line with this well-settled law, the Court "adheres to the holdings of New York courts that the operation of the subway system is a proprietary function" and thus ruled that the NYCTA and MTA "are not entitled to government function immunity." *Id*. at 8. This principle stems from over a century of precedent, from the Court of Appeals' pronouncement in 1909 that "the subway is a business enterprise of the city…built by and belongs to the city as a proprietor, not as a sovereign," *Matter of Bd. of R.T. R.R. Comm'rs. of N.Y.C.*, 197 N.Y. 81, 96 (1909), through modern cases reaffirming that "transportation ... constitutes a proprietary function when performed by a governmental entity (such as the TA)." *Martinez v. N.Y.C. Transit Auth.*, 203 A.D.3d 87, 93 (1 Dept 2022).

Unable to overturn a century of crystal-clear New York precedent, Defendants evidently hope the Second Circuit will "certify" the question to the Court of Appeals, mirroring *Ferreira v.*

*City of Binghamton*, 975 F.3d 255 (2d Cir. 2020). But *Ferreira* addressed a genuinely unsettled state-law issue concerning the "special duty" doctrine, prompting the Second Circuit to seek authoritative guidance. Here, by contrast, there is no ambiguity. The Second Circuit does not routinely certify questions simply because the parties disagree; certification is reserved for "exceptional cases" with no clear controlling precedents. *See McCarthy v. Olin Corp.*, 119 F.3d 148, 153–54 (2d Cir. 1997); *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005). Indeed, federal courts must not "shift[] the burdens of this Court to [the state court]," *McCarthy*, 119 F.3d at 153 (quoting *Dorman v. Satti*, 862 F.2d 432, 435 (2d Cir. 1988)), when "sufficient precedents exist" to predict how the Court of Appeals would rule. *See also Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134–35 (2d Cir. 1999) (declining certification where intermediate state court rulings provided adequate guidance). There is no unsettled question here: New York has spoken decisively for over a century that subway operations are proprietary, so there is nothing for the Court of Appeals to clarify. Hence, Defendants' plan to pursue certification is plainly without merit and would only delay these proceedings further.

## II.    Defendants' Qualified Immunity Appeal Is Outside Second Circuit Jurisdiction

Defendants' appeal challenging the denial of qualified immunity is similarly frivolous, and, in fact, the Second Circuit lacks jurisdiction to review it. An interlocutory appeal of a qualified immunity rulings is only permitted if it turns on an issue of law. *Nat'l Rifle Ass'n of Am. v. Vullo*, 49 F.4th 700, 712 (2d Cir. 2022). "If a district court's qualified immunity decision turns on questions of evidence sufficiency alone (i.e., which alleged facts a party may, or may not, be able to prove at trial), it is not immediately appealable." *Id.* (internal quotations and citations omitted).

This Court denied Defendants qualified immunity because it found "genuine disputes of material fact" regarding whether the NYCTA and MTA had a "reasonable basis" for failing to install safety measures like platform barriers (PSDs) and track-intrusion devices (TIDs). ECF No. 260 at 9. The record shows competing expert and documentary evidence as to the feasibility of these measures. *Id.* at 8–10. That factual dispute places the ruling squarely outside the scope of an interlocutory appeal, as "a public official may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). In other words, there is no pure legal question to review; the dispute concerns evidence sufficiency. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), likewise teaches that denial of qualified immunity is immediately appealable only to the extent it turns on a question of law, not facts. Because Defendants' purported appeal hinges on factual disagreements, the Second Circuit cannot entertain it.

## III.    This Court Retains Jurisdiction Despite Defendants' Frivolous Appeal

Because the anticipated appeal is frivolous, it does not divest this Court of jurisdiction to proceed with the case. The Supreme Court has long recognized that a frivolous interlocutory appeal on immunity grounds does not strip the district court of its authority. See *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996). Courts in this Circuit have likewise applied what is commonly termed the "dual jurisdiction" rule, under which "the filing of an appeal under the collateral order doctrine respecting a right not to be tried divests the district court of jurisdiction to proceed with the trial [against the appealing defendant] unless the district court certifies that the appeal is frivolous."

*Carroll v. Trump*, 687 F. Supp. 3d 394, 404 (S.D.N.Y. 2023), quoting *New York v. Locke,* No. 08-CV-2503 (CPS) (RLM), 2009 WL 2413463, at *3 (E.D.N.Y. Aug. 3, 2009) (second and third alterations in original) (emphasis added) (citation omitted); see also, e.g., *Davis v. City of New York*, No. 12-CV-3297 (PGG), 2018 WL 10070503, at *1 (S.D.N.Y. Dec. 14, 2018) ("The Supreme Court has approved the 'dual jurisdiction' approach as an appropriate method to deal with frivolous interlocutory appeals. *Behrens v. Pelletier*, 516 U.S. 299, 310, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Accordingly, this Court must determine whether [defendant's] appeal [(including of the denial of qualified immunity)] is frivolous."); *Garcia v. Bloomberg*, No. 11-CV-6957 (JSR), 2012 WL 3127173, at *1 (S.D.N.Y. July 27, 2012) ("An interlocutory appeal, *unless frivolous*, generally divests the district court of jurisdiction respecting the issues raised and decided in the order on appeal ....") (emphasis added); *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 137 (S.D.N.Y. 2007) ("I hold, following full consideration of Defendants' arguments, that their notice of appeal is legally ineffective to divest the district court of its jurisdiction."); *City of New York v. Beretta U.S.A. Corp*., 234 F.R.D. 46, 51-53 (E.D.N.Y. 2006) (Weinstein, J.).

Moreover, even setting aside frivolousness, the filing of a notice of appeal ordinarily "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), but not over unrelated issues. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Here, Defendants are not appealing the portion of the Court's decision denying summary judgment on the negligence claim against Train Operator Shabazz; thus, that claim will proceed to trial in any event. Given the clear lack of merit in Defendants' broader immunity arguments, any notice of appeal should not freeze the entire litigation. See *Carroll*, 88 F.4th at 432 (noting that the divestiture rule "is not a per se rule" and is grounded in "the interest of judicial economy"). This case is nearly nine years old, and Plaintiff would be severely prejudiced by yet another unwarranted delay. The Court should certify any such appeal as frivolous and retain jurisdiction to move this matter toward trial.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff seeks leave to move for an order certifying Defendants' anticipated appeal as frivolous and confirming that this Court retains jurisdiction to proceed to trial. Plaintiff is prepared to file a formal motion promptly. We respectfully request that the Court schedule a pre-motion conference or endorse a briefing schedule at its earliest convenience. Given the already inordinate delay, Plaintiff urges the Court to preclude any further postponement and maintain jurisdiction so that this matter may proceed to trial.

Thank you for the Court's consideration of this request.

Respectfully submitted,

_____
~//s//~
Elliot Shields

cc:    All parties via ECF

3

# EXHIBIT 3

From: ecf_bounces@nyed.uscourts.gov
Subject: Activity in Case 1:17-cv-04550-FB-VMS Harger Da Silva v. New York City Transit Authority et al Pretrial Conference - Initial
Date: April 3, 2025 at 3:37 PM
To: nobody@nyed.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Eastern District of New York

Notice of Electronic Filing
The following transaction was entered on 4/3/2025 3:36 PM EDT and filed on 4/3/2025

Case Name: Harger Da Silva v. New York
City Transit Authority et al
Case Number: 1:17-cv-04550-FB-VMS https://ecf.nyed.uscourts.gov/cgi-bin/DktRpt.pl?405204

Filer:

Document Number:

Copy the URL address from the line below into the location bar
of your Web browser to view the document:
No document attached

Docket Text:
Minute Entry for proceedings held before
Judge Frederic Block: Elliot Dolby Dolby-Shields, Esq. & Robert Genis, Esq. for the plaintiff and Andrew Keaveney, Esq. for the defendants, all present. Pre-trial conference held on 4/3/2025. By <b> April 10, 2025 </b> counsel shall file a letter with their agreed upon briefing schedule as to plaintiffs motion to determine that defendant appeal is frivolous. Counsel may modify their agreed upon briefing schedule without court approval. Counsel shall file a letter notifying the Court of their modified agreed upon briefing schedule. Counsel shall serve and file their fully briefed motion according to J. Blocks motion rules. The Court does not require a courtesy copy of the motion papers. Settlement is not possible at this time. The Court will determine whether it will require a joint pre-trial order. Jury selection and trial is scheduled for <b> 10/27/25 @ 10 am</b> and a further in person pre-trial conference will be set after a decision on plaintiffs anticipated motion. (Court Reporter: Sophie Nolan 718 613 2425)    (MI)

1:17-cv-04550-FB-VMS Notice has been electronically mailed to:
Andrew Patrick Keaveney  akeaveney@lcbf.com, lcbflit@lcbf.com
David A. Roth  droth@hgrlawyers.com, aroth@rothandrothlaw.com
Robert Genis  bob.genis@soningenis.com, Calendar@soningenis.com, walter.hayes@soningenis.com
Audra R. Roth  aroth@rothandrothlaw.com
Pery D. Krinsky  pkrinsky@krinskypllc.com, perykrinsky@gmail.com

Charles Gershbaum  CGershbaum@hgrlawyers.com
Rebecca Solomon Predovan  rpredovan@hgrlawyers.com, rlfbecca@gmail.com

Elliot Dolby Dolby-Shields  eshields@rothandrothlaw.com, dolbyshields.elliot@gmail.com

Timothy Joseph Collazzi  tcollazzi@lcbf.com
David Alan Roth  droth@rothandrothlaw.com, drothny@gmail.com

1:17-cv-04550-FB-VMS Notice will not be electronically mailed to:

EXHIBIT 4

**Subject:** Activity in Case 1:17-cv-04550-FB-VMS Harger Da Silva v. New York City Transit Authority et al Scheduling Order

**Date:** Monday, April 14, 2025 at 9:57:08 AM Eastern Daylight Time

**From:** ecf_bounces@nyed.uscourts.gov

**To:** nobody@nyed.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Eastern District of New York

Notice of Electronic Filing
The following transaction was entered  on 4/14/2025 9:56 AM EDT and filed
on 4/14/2025

Case Name: Harger Da Silva v. New York
City Transit Authority et al
Case Number: 1:17-cv-04550-FB-VMS https://nam09.safelinks.protection.outlook.com/?url=https%3A%2F%2Fecf.nyed.uscourts.gov%2Fcgi-bin%2FDktRpt.pl%3F405204&data=05%7C02%7Ceshields%40rothandrothlaw.com%7Ce78a407b9d9c442f664708dd7b5c3c4f%7C4701c983c58f44fbadc4c6c9ea576278%7C0%7C0%7C638802358285430385%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Bjhrn%2BFZPYKudQYLZCwOGRJeps6hlPgSP%2Buz0%2B1xyaQ%3D&reserved=0

Filer:

Document Number:

Copy the URL address from the line below into the location bar
of your Web browser to view the document:
No document attached

Docket Text:
SCHEDULING ORDER: Plaintiff's letter
application [263] with the consent of the defendant is GRANTED. The Court adopts the parties agreed upon briefing schedule. By <b> May 13, 2025 </b>
plaintiff's shall file their fully briefed motion to certify defendants'
appeal as frivolous. Counsel may modify their agreed upon briefing schedule without court approval. Counsel shall file a letter notifying the Court of

their modified agreed upon briefing schedule. Counsel shall follow J. Block's
motion rules, specifically section 2(D) when filing their motions. The Court
does not require a courtesy copy of the motion papers. Ordered by Judge Frederic
Block on 4/14/2025.  (MI)


1:17-cv-04550-FB-VMS Notice has been electronically mailed to:
Andrew Patrick Keaveney  akeaveney@lcbf.com, lcbflit@lcbf.com
David A. Roth  droth@hgrlawyers.com, aroth@rothandrothlaw.com
Robert Genis  bob.genis@soningenis.com, Calendar@soningenis.com,
walter.hayes@soningenis.com
Audra R. Roth  aroth@rothandrothlaw.com
Pery D. Krinsky  pkrinsky@krinskypllc.com, perykrinsky@gmail.com

Charles Gershbaum  CGershbaum@hgrlawyers.com
Rebecca Solomon Predovan  rpredovan@hgrlawyers.com, rifbecca@gmail.com

Elliot Dolby Dolby-Shields  eshields@rothandrothlaw.com, dolbyshields.elliot@gmail.com

Timothy Joseph Collazzi  tcollazzi@lcbf.com
David Alan Roth  droth@rothandrothlaw.com, drothny@gmail.com


1:17-cv-04550-FB-VMS Notice will not be electronically mailed to:

EXHIBIT 5

# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

April 2, 2025

**Via Email**
Andrew P. Keaveney
Tim Collazzi
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 13th Floor
New York, NY 10271

Re.: *Da Silva* v. *New York City Transit Authority, et al*
17-cv-04550 (FB)(VMS)

Dear Mr. Keaveney:

I write to follow up on the in person meet and confer conversation you had with David Roth this morning regarding our request that you withdraw the Notice of Appeal filed in *Da Silva v. NYCTA et al.*, seeking Second Circuit review of Judge Block's March 6, 2025 Memorandum and Order denying Defendants' motion for summary judgment on grounds of governmental function immunity and qualified immunity. As explained below, the Second Circuit lacks appellate jurisdiction over this interlocutory appeal. Both forms of immunity invoked here are, at most, affirmative defenses to liability under New York law. They do not confer a right to avoid suit altogether and therefore do not fall within the collateral order doctrine. We intend to file a motion to dismiss the appeal, which will be granted, and we respectfully request that you withdraw the Notice of Appeal now, rather than require us to expend time and resources on that motion.

## 1. Final Judgment Rule and Collateral Order Doctrine

Federal appellate jurisdiction is limited to "final decisions" of the district court. 28 U.S.C. § 1291. The Supreme Court has repeatedly emphasized that interlocutory appeals are "the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995). The narrow collateral order doctrine permits immediate appeal of a non-final order only if it (1) conclusively determines an important issue separate from the merits and (2) involves a right that is "effectively unreviewable" after final judgment. *Id.* at 310; *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985).

The collateral order doctrine applies to a denial of immunity only when the immunity at issue is a true "immunity from suit"—not merely a defense to liability. *Mitchell*, 472 U.S. at 526; *Will v. Hallock*, 546 U.S. 345, 350 (2006). Where the asserted "immunity" simply limits potential liability without shielding the defendant from the burden of litigation, there is no immediate right to appeal.

## 2. Governmental Function and Qualified Immunity Are Affirmative Defenses— Not Immunities from Suit

Both governmental function immunity and qualified immunity are **affirmative defenses**, not jurisdictional immunities from suit. In *Pitts v. State*, the Fourth Department held that "governmental function immunity" is waived when not pled, because it is "an affirmative defense." 166 A.D.3d 1505, 1506, 88 N.Y.S.3d 323, 325 (4th Dep't 2018) (citing CPLR 3018(b)). The Court rejected the State's attempt to assert governmental function immunity for the first time at summary judgment because it had not been raised in the answer.

Likewise, the Second Circuit has long recognized that qualified immunity is an affirmative defense that must be pleaded and preserved. "[B]ecause qualified immunity is an affirmative defense, it is incumbent upon the defendant to plead, and adequately develop, a qualified immunity defense during pretrial proceedings." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007). See also *Santaiti v. Town of Ramapo*, 162 A.D.3d 921 (2d Dep't 2018); *Avila v. State*, 39 Misc. 3d 1064, 1069 (Ct. Cl. 2013) ("Qualified immunity is best pleaded as an affirmative defense in the answer and thereafter is a basis for a motion for summary judgment.").

That these defenses must be affirmatively pleaded underscores their nature: they are not jurisdictional bars to suit. They are litigated like any other liability-shielding defenses and do not, as a matter of law, create a right to immediate appeal.

## 3. Second Circuit Precedent Forecloses Jurisdiction – *In re World Trade Center*

The Second Circuit addressed this issue squarely in *In re World Trade Center Disaster Site Litigation*, 521 F.3d 169 (2d Cir. 2008). There, as here, defendants sought an interlocutory appeal from a denial of governmental function immunity and other defenses under New York law. The Court held that such state-law immunity defenses are "defenses to liability, rather than immunity from suit," and that their denial "is not subject to interlocutory appeal." *Id.* at 177. The Court reasoned:

"[W]here a state-law defense is only an immunity from liability—as opposed to an immunity from suit—federal appellate jurisdiction does not lie under the collateral order doctrine." *Id.* at 181–82.

The Court cautioned against conflating state appellate practices (which sometimes allow interlocutory appeals) with the strict finality requirement of federal law. The analysis is substantive: if the right will not be irreparably lost without immediate appeal, it does not qualify. *Id.* at 183.

## 4. New York Law Confirms That Governmental Function Immunity Is a Liability Defense

New York law confirms that governmental function immunity is **not** a bar to suit, but a policy-based defense to damages that must be litigated and proven. See *McLean v. City of New York*, 12 N.Y.3d 194, 203 (2009) ("Government action, if discretionary, may not be a basis for

liability…”); *In re World Trade Ctr. Bombing Litig.*, 17 N.Y.3d 428, 441–43 (2011) (distinguishing sovereign immunity from the “immunity-based defense” of governmental function immunity).

Because the immunity defenses asserted here are not “effectively unreviewable” on appeal from final judgment, they fall outside the narrow bounds of *Mitchell* and the collateral order doctrine. See also *Will*, 546 U.S. at 350 (“The balance [we] have struck is not to encourage immediate appeals—[but] to carve out a narrow exception to the normal rule….”).

## 5. We Intend to Move to Dismiss the Appeal

Because the Second Circuit plainly lacks jurisdiction, we will promptly move to dismiss the appeal pursuant to Rule 27. The motion will be granted, and pursuing this appeal will serve only to waste the parties’ and the Court’s time and resources. If you continue with this appeal, you do so in the face of binding authority making clear that the denial of affirmative defenses to liability is not reviewable at this stage.

We respectfully request that you **voluntarily withdraw the Notice of Appeal** to avoid unnecessary motion practice. Should you choose not to do so, we will proceed with a motion to dismiss and, if appropriate, will seek costs and any other relief available for defending against a frivolous interlocutory appeal.

Sincerely,

*Elliot Shields*

Elliot Shields