**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

LUISA JANSSEN HARGER DA SILVA,

Plaintiff-Appellee,

-against-

Docket No. 25-727

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION
AUTHORITY, AND RAQIA SHABAZZ,

Defendants-Appellants.

**PLAINTIFF–APPELLEE'S REPLY IN FURTHER SUPPORT OF HER
MOTION TO DISMISS THE APPEAL FOR LACK OF JURISDICTION**

## I. APPELLEE'S MOTION TO DISMISS IS PROCEDURALLY PROPER

Appellants claim our motion is "procedurally improper" because it cites

FRAP 42(b) (voluntary dismissal) rather than FRAP 27. The label is irrelevant.

This Court has inherent power under FRAP 27 to dismiss an appeal that lies

outside its jurisdiction. The only issue here is whether the order denying summary

judgment satisfies the narrow collateral-order exception to 28 U.S.C. § 1291.

Moreover, because collateral-order jurisdiction is non-waivable, Appellee is

entitled—and obligated—to show that Appellants' asserted "qualified immunity"

is, at most, a merits defense, not an immunity from suit. That point is jurisdictional,

1

not a "new claim," and may be raised at any time. If the defense is merely a liability argument, this appeal must be dismissed.

## II. THE TRANSIT AUTHORITY'S "IMMUNITY-FROM-SUIT" THEORY FAILS—NEW YORK TREATS BOTH THE GOVERNMENTAL-FUNCTION AND *WEISS* "QUALIFIED" IMMUNITIES AS DEFENSES TO LIABILITY, NOT AS COLLATERAL-ORDER BARS TO LITIGATION

Appellants devote most of their brief to arguing that the district court's rejection of their governmental-function and *Weiss v. Fote* "qualified-immunity" defenses are immediately appealable because those doctrines supposedly create a right not to stand trial. That premise is foreclosed by controlling precedent and by New York's own view of its immunity rules. When the doctrines are correctly understood, Appellants cannot satisfy the third prong of the collateral-order doctrine ("effectively unreviewable on appeal from a final judgment"), and this portion of the appeal must be dismissed as frivolous.

### A. *In re World Trade Center* and *Brown* Reject the Exact Argument the Authority Makes Here

*In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 181–87, 193–94 (2d Cir. 2008), is controlling. Surveying both statutes and common-law precedent, the Second Circuit held that New York treats governmental function immunity and qualified immunity and related doctrines as "only defenses to liability, not immunities from suit," so their denial is *not* an appealable collateral order (citing *Brown v. State*, 89 N.Y.2d 172, 196 (1996)). Appellants dismiss the

2

case as "statutory," yet the panel reached the same conclusion about the common-law defense it squarely addressed.

*In re World Trade Center Bombing Litigation*, 17 N.Y.3d 428 (2011), *Turturro v. City of New York*, 28 N.Y.3d 469 (2016), and Ja*ckson v. N.Y.C. Transit Auth*., 30 A.D.3d 289 (1st Dep't 2006), underscore the point: New York courts routinely let immunity defenses proceed through discovery, trial, and verdict before deciding said defenses—proof that it is a merits question, not a jurisdictional bar.

A recent state-court trial underscores the distinction between a merits defense and an immunity from suit. On May 7, 2025, after this motion was filed, a single jury returned verdicts in two negligence actions—*Pedraza v. New York City Transit Authority* (Index No. 159366/2013) and *Martinez v. New York City Transit Authority* (Index No. 153421/2017)—that were tried jointly before Justice James D. Clynes in Supreme Court, New York County. During the charge conference, the NYCTA submitted a proposed verdict sheet asking the jurors to decide a separate set of questions, questions 3-5, that underpinned its qualified immunity defense. (**Exhibit 1** pg. 3). The verdict sheet ultimately submitted to the jury (attached hereto as **Exhibit 2**) contains separate "qualified-immunity" questions (Nos. 5 & 6) asking whether the Transit Authority "proved it was reasonable to rely on its system-wide analysis to determine its speed policy for the southbound Spring

3

Street Station" (question 5) and whether it "satisfied its continuing duty to review its speed policy plan in light of its actual operation at the Spring Street Station" (question 6). *Id*. at p. 6-7. The jury answered "No" to both questions and returned a combined $103.6 million verdict against the Authority. *See* Exhibit 2, Verdict Sheet at pp. 6-7, 15-16, 21-22, 24.

Submission of qualified immunity questions to the jury confirms that New York treats qualified immunity under *Weiss v. Fote*, 7 N.Y.2d 579 (1960), as fact-bound liability questions, not as a jurisdictional shield.

### B. Appellants Conflate Federal § 1983 Qualified Immunity with New York's *Weiss* Rule

Appellants next try to fold New York's *Weiss v. Fote*, 7 N.Y.2d 579 (1960), qualified immunity into the federal § 1983 qualified-immunity doctrine recognized in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Those cases are not on point because they concern federal qualified immunity, which protects officials from *constitutional-tort* damages under § 1983. The doctrine at issue here is purely state tort law: under *Weiss*, a municipality may escape *liability* when it can prove a "reasonable basis" for its design policy or plan. New York courts have never suggested that *Weiss* confers a jurisdictional bar. To the contrary, they routinely require discovery (and often trial) before deciding whether the safety study was "adequate." *See, e.g.*, *Santaiti v. Town of Ramapo*,

162 A.D.3d 921, 926 (2d Dep't 2018); *Pitts v. State*, 166 A.D.3d 1505, 1506 (4th Dep't 2018).

### C. The Function at Issue Is Proprietary, Not Governmental

New York precedent leaves no room for Appellants' "governmental-function" theory. Since *Matter of Bd. of Rapid Transit Comm'rs*, 197 N.Y. 81, 96 (1909), the carriage of fare-paying passengers—and the duty to keep platforms safe—has been deemed *proprietary*, no different from a private railroad's obligations. The First Department recently reaffirmed the rule, calling transit "a proprietary function when performed by a governmental entity," *Martinez v. N.Y.C. Transit Auth.*, 203 A.D.3d 87, 97 (1st Dep't 2022), and rejecting the same argument in *Pedraza*, 203 A.D.3d 95, 103 (1st Dep't 2022). The Court of Appeals applies the same test to other utilities. *Connolly v. LIPA*, 30 N.Y.3d 719, 726-27 (2018); *Galloway v. City of N.Y.*, 43 N.Y.3d 112, 127-29 (2024).

The injuries here flow from NYCTA's failure to adopt passenger-protection measures—platform doors, intrusion detection, slower entry speeds—duties private railroads must meet; any qualified immunity defense is therefore a fact question for the jury, exactly as in *Martinez* and *Pedraza*.

### D. New York's Immunity Rules Are Waivable and Fact-Bound—Features Incompatible with Collateral-Order Review

5

Because New York treats governmental-function and *Weiss* qualified immunity defenses as ordinary, waivable affirmative defenses, see *Santaiti v. N.Y.C. Transit Auth.*, 162 A.D.3d 924, 925-26 (2d Dep't 2018); *Pitts v. State*, 166 A.D.3d 1504, 1506 (4th Dep't 2018), they cannot also confer a non-waivable "right not to be tried." Judge Block has already found the adequacy Appellants' safety studies "hotly disputed," so an interlocutory appeal would ask this Court to re-weigh facts—precisely the scenario *Johnson v. Jones*, 515 U.S. 304, 313–18 (1995), forbids.

### III. Appellants' Fact-Bound Arguments Collide with *Johnson v. Jones*, and *Rohman* Confirms the Jurisdictional Bar

Appellants fail to rebut Appellee's showing that interlocutory review of a qualified-immunity denial is available only where the appeal raises a *pure* question of law, entirely severable from the disputed facts. *Johnson v. Jones*, 515 U.S. 304, 313–18 (1995). Judge Block found precisely the opposite here, concluding that "qualified immunity cannot … be determined as a matter of law because the underlying facts are in dispute." (Dist. Ct. Op. 26). Those factual disputes go to the heart of Appellants' state-law "qualified-immunity" defense: Did Appellants conduct a competent safety study—considering platform-edge barriers, track-intrusion-detection technology, and reduced approach-speed policies—and then adopt a plan with a reasonable engineering basis? One issue the district court flagged for the jury is emblematic: whether it was reasonable Appellants to refuse

6

to install platform-screen doors ("PSDs") when at least one vendor offered to do so at little or no cost. Appellants' witnesses insist that decades of cost and engineering analyses rendered PSDs infeasible; Appellee's expert counters that the Authority never performed the industry-standard studies and ignored a dozen zero-cost PSD proposals. Deciding whose account is credible is quintessentially the province of the jury, not the appellate court. Because Appellants' asserted immunity under *Weiss* "turns on whether the pre-trial record sets forth a 'genuine' issue of fact for trial," *Johnson* forecloses interlocutory review. *Id.* at 313.

Appellants cite *Rohman v. New York City Transit Authority*, 215 F.3d 208 (2d Cir. 2000), hoping to bootstrap jurisdiction by professing that in their merits brief, they might accept the Appellee's version of the facts. Appellants Br. p. 15. That gloss omits the very language that undermines their position. *Rohman* held that collateral-order review is available only "so long as the defendant can support a qualified-immunity defense on the plaintiff's version of the facts that the district judge deemed available for jury resolution." *Id.* at 214–15 (emphasis added). In *Rohman*, the purely legal question—whether forwarding information to prosecutors was objectively reasonable—could be answered for the defendant even if every factual dispute broke the plaintiff's way.

Here, the reverse is true. If Appellants "accept" Appellee's evidence that (i) Appellants conducted no safety study addressing platform-screen doors ("PSDs"),

track-intrusion detection, or reduced train-entry speeds, and (ii) at least a dozen vendors offered to install PSDs at little or no cost, then Appellants necessarily lacked a reasoned engineering basis for its design, policy and plan. An *absent* study cannot be "adequate," and a design or plan untethered to any safety study is, by definition, unreasonable—destroying the claimed *Weiss* immunity.

Appellants therefore can prevail only by persuading this Court to credit their competing factual narrative—a fact-specific determination of pre-trial evidence that *Johnson* bars from appellate review. *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996), quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Because their defense collapses on the facts the district court has already ruled triable, collateral-order jurisdiction is unavailable.

Nor does Appellants' attempt to recast their qualified immunity defense as an "immunity from suit" alter the analysis. New York's qualified immunity doctrine under *Weiss* is a negligence rule, not the kind of categorical shield that spared the official in *Rohman* from standing trial under § 1983. The defense survives only if a jury finds that Appellants had a design, plan, or policy for the safety of people who might have fallen on to the tracks supported by a reasonable study, and that Appellants revisited the decision in light of its actual operation—facts Judge Block held are hotly disputed. The absence of such findings defeats

8

collateral-order jurisdiction because the issue will be fully reviewable, if necessary, after a final judgment. *Johnson*, 515 U.S. at 318.

Appellants similarly complain that the District Court "never announced an issue of fact" on their separate governmental-function defense. Appellants' Br. p. 15 n. 3. The point is irrelevant. The court concluded—on undisputed precedent—that Appellants were acting in a proprietary capacity, eliminating that defense as a matter of law. A ruling that a defense fails outright is not appealable under the collateral-order doctrine; it simply conclusively determines the issue against the defendant and must await final judgment.

Unable to identify any clean legal question, Appellants resort to speculation that their forthcoming merits brief will somehow satisfy *Johnson*. But Appellants rely on a misreading of *Rohman* to support that argument: that case allows immediate review only when the defendant's immunity defense can succeed even on the plaintiff's version of the facts deemed triable by the district court—a circumstance plainly absent here. Because Appellants can win only by persuading this Court to re-weigh the very factual conflicts Judge Block reserved for the jury, their notice of appeal is a textbook attempt at the fact-centric review *Johnson* forbids. The appeal should therefore be dismissed for lack of jurisdiction.

## IV.    The Interlocutory Appeal Is Wholly Lacking in Merit and Is Frivolous

This interlocutory appeal is frivolous because binding precedent—*In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 181-87, 193-94 (2d Cir. 2008), and *Johnson v. Jones*, 515 U.S. 304, 313-18 (1995)—forecloses collateral-order review where the asserted state-law "qualified-immunity" defense is a waivable, fact-laden merits issue. Persisting with an appeal in the face of such dispositive authority, and thereby delaying the October 27, 2025 trial, renders the notice of appeal frivolous. *See Brown v. Grabowski*, 922 F.2d 1097, 1109 (3d Cir. 1990).

## Conclusion

For the foregoing reasons, Appellee respectfully requests that the Court dismiss the interlocutory appeal in its entirety for lack of jurisdiction under the collateral order doctrine. In addition, the appeal should be recognized as frivolous, and Appellee requests such further relief as may be just and proper, including an award of costs.

Dated:    New York, New York
         May 12, 2025       Respectfully submitted,

*Elliot Shields*

_____
Elliot Dolby Shields
Roth & Roth, LLP
Counsel for Plaintiff-Appellee
192 Lexington Avenue, Suite 802
New York, New York 10016
Phone: (212) 425 1020
E-mail:eshields@RothandRothLaw.com

10

## **CERTIFICATION**

ELLIOT SHIELDS, hereby declares under penalty of perjury that the following is true and correct:

I am the attorney for Plaintiff-Appellee herein, I hereby certify, pursuant to FRAP 32(g)(1), that this document complies with the type-volume limitation of FRAP 27(d)(2)(A) in that it contains 2040 words, excluding the parts exempted by FRAP 32(f). The number of words has been determined by using the word count function of Microsoft Word 2025.

Dated:      New York, New York
           May 12, 2025         Respectfully submitted,

*Elliot Shields*
_____
Elliot Dolby Shields
Roth & Roth, LLP
Counsel for Plaintiff-Appellee
192 Lexington Avenue, Suite 802
New York, New York 10016
Phone: (212) 425 1020
E-mail:eshields@RothandRothLaw.com

11

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JOSE LUIS MELENDEZ PEDRAZA a/k/a JOSE LUIS MELENDEZ a/k/a JOSE L. PEDRAZA, | Index No. 159366/2013 (Action #1) |
| Plaintiff(s), | |
| -against- | **PROPOSED VERDICT SHEET** |
| NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, and ANGEL RIVERA, | |
| Defendant(s). | |

| | |
|---|---|
| ARMANDO ANTONIO MARTINEZ, | Index No. 153421/2017 (Action #2) |
| Plaintiff(s), | |
| -against- | |
| NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, and LUMUEL GONZALEZ, | |
| Defendant(s). | |

Defendants New York City Transit Authority, Angel Rivera, and Lemuel Gonzales, respectfully submit the following as and for the Parties' Joint Proposed Verdict Sheet:

[*Remainder of page intentionally left blank*]

## VERDICT SHEET

1.  Was the Defendant New York City Transit Authority negligent in allowing trains to enter
    the southbound Spring Street Station at a speed greater than 15 miles per hour?

          _____                          _____
           YES                            NO

Juror 1:   Agree\_\_\_\_\_   Disagree_____   Juror 4:   Agree\_\_\_\_\_   Disagree\_\_\_\_\_

Juror 2:   Agree\_\_\_\_\_   Disagree_____   Juror 5:   Agree\_\_\_\_\_   Disagree\_\_\_\_\_

Juror 3:   Agree\_\_\_\_\_   Disagree_____   Juror 6:   Agree\_\_\_\_\_   Disagree\_\_\_\_\_

**IF YOUR ANSWER TO QUESTION 1 IS YES, PLEASE PROCEED TO QUESTION 2.
IF YOUR ANSWER TO QUESTION 2 IS NO, STOP AND INFORM THE COURT.**

2.  Was the Defendant New York City Transit Authority on notice of a hazardous condition at
    the entry of the Spring Street Station due to the curvature of the track at that station?

          _____                          _____
           YES                            NO

Juror 1:   Agree\_\_\_\_\_   Disagree_____   Juror 4:   Agree\_\_\_\_\_   Disagree\_\_\_\_\_

Juror 2:   Agree\_\_\_\_\_   Disagree_____   Juror 5:   Agree\_\_\_\_\_   Disagree\_\_\_\_\_

Juror 3:   Agree\_\_\_\_\_   Disagree_____   Juror 6:   Agree\_\_\_\_\_   Disagree\_\_\_\_\_

**IF YOUR ANSWER TO QUESTION 2 IS YES, PLEASE PROCEED TO QUESTION 3.
IF YOUR ANSWER TO QUESTION 2 IS NO, PLEASE PROCEED TO QUESTION 6.**

3. Was it reasonable for Defendant New York City Transit Authority to rely on studies it conducted without having to conduct a specialized study of the southbound Spring Street station or curved stations within the system?

        _____                        _____
        YES                          NO

Juror 1:   Agree\_\_\_\_\_   Disagree_____      Juror 4:   Agree\_\_\_\_\_   Disagree_____

Juror 2:   Agree\_\_\_\_\_   Disagree_____      Juror 5:   Agree\_\_\_\_\_   Disagree_____

Juror 3:   Agree\_\_\_\_\_   Disagree_____      Juror 6:   Agree\_\_\_\_\_   Disagree_____

**IF YOUR ANSWER TO QUESTION 3 IS <u>NO</u>, PLEASE PROCEED TO QUESTION 4. IF YOUR ANSWER TO QUESTION 3 IS <u>YES</u>, STOP AND INFORM THE COURT.**

4. Were the studies that Defendant New York City Transit Authority relied upon to set its speed policy for the entrance to the southbound Spring Street Station plainly inadequate?

        _____                        _____
        YES                          NO

Juror 1:   Agree\_\_\_\_\_   Disagree_____      Juror 4:   Agree\_\_\_\_\_   Disagree_____

Juror 2:   Agree\_\_\_\_\_   Disagree_____      Juror 5:   Agree\_\_\_\_\_   Disagree_____

Juror 3:   Agree\_\_\_\_\_   Disagree_____      Juror 6:   Agree\_\_\_\_\_   Disagree_____

**IF YOUR ANSWER TO QUESTION 4 IS YES, PLEASE PROCEED TO QUESTION 5. IF YOUR ANSWER TO QUESTION 4 IS NO, STOP AND INFORM THE COURT.**

5. Did Defendant New York City Transit Authority's speed policy have no reasonable basis?

        _____                        _____
        YES                          NO

Juror 1:   Agree\_\_\_\_\_   Disagree_____      Juror 4:   Agree\_\_\_\_\_   Disagree_____

Juror 2:   Agree\_\_\_\_\_   Disagree_____      Juror 5:   Agree\_\_\_\_\_   Disagree_____

Juror 3:   Agree\_\_\_\_\_   Disagree_____      Juror 6:   Agree\_\_\_\_\_   Disagree_____

**IF YOUR ANSWER TO QUESTION 5 IS YES, PLEASE PROCEED TO QUESTION 6. IF YOUR ANSWER TO QUESTION 5 IS NO, STOP AND INFORM THE COURT.**

6. Was the negligence of the Defendant New York City Transit Authority a substantial factor in causing the Plaintiffs' accidents?

      _____                   _____

       YES                     NO

Juror 1:   Agree_____   Disagree_____      Juror 4:   Agree_____   Disagree_____

Juror 2:   Agree_____   Disagree_____      Juror 5:   Agree_____   Disagree_____

Juror 3:   Agree_____   Disagree_____      Juror 6:   Agree_____   Disagree_____


7. Was Defendant Angel Rivera negligent in operating the train when the accident involving Plaintiff Jose Luis Melendez Pedraza occurred?

       YES                     NO

Juror 1:   Agree_____   Disagree_____      Juror 4:   Agree_____   Disagree_____

Juror 2:   Agree_____   Disagree_____      Juror 5:   Agree_____   Disagree_____

Juror 3:   Agree_____   Disagree_____      Juror 6:   Agree_____   Disagree_____


8. Was the negligence of Defendant Angel Rivera a substantial factor in causing the accident involving Plaintiff Jose Luis Melendez Pedraza?

       YES                     NO

Juror 1:   Agree_____   Disagree_____      Juror 4:   Agree_____   Disagree_____

Juror 2:   Agree_____   Disagree_____      Juror 5:   Agree_____   Disagree_____

Juror 3:   Agree_____   Disagree_____      Juror 6:   Agree_____   Disagree_____

9. Was Defendant Lemuel Gonzales negligent in operating the train when the accident involving Plaintiff Armando Antonio Martinez occurred?

      _____ YES            _____ NO

Juror 1:   Agree_____ Disagree_____    Juror 4:   Agree_____ Disagree_____

Juror 2:   Agree_____ Disagree_____    Juror 5:   Agree_____ Disagree_____

Juror 3:   Agree_____ Disagree_____    Juror 6:   Agree_____ Disagree_____

10. Was the negligence of Defendant Lemuel Gonzalez a substantial factor in causing the accident involving Plaintiff Armando Antonio Martinez?

      _____ YES            _____ NO

Juror 1:   Agree_____ Disagree_____    Juror 4:   Agree_____ Disagree_____

Juror 2:   Agree_____ Disagree_____    Juror 5:   Agree_____ Disagree_____

Juror 3:   Agree_____ Disagree_____    Juror 6:   Agree_____ Disagree_____

**IF YOU HAVE ANSWERED "YES" TO ANY OF QUESTIONS 6, 8, OR 10, PROCEED TO QUESTION 11.**

**IF YOUR ANSWER TO QUESTIONS 6, 8, AND 10 IS "NO", DO NOT ANSWER QUESTIONS 11-16, AND PROCEED TO QUESTION 17.**

11. Was Plaintiff Jose Luis Melendez Pedraza negligent?

      _____ YES            _____ NO

Juror 1:   Agree_____ Disagree_____    Juror 4:   Agree_____ Disagree_____

Juror 2:   Agree_____ Disagree_____    Juror 5:   Agree_____ Disagree_____

Juror 3:   Agree_____ Disagree_____    Juror 6:   Agree_____ Disagree_____

12. Was the negligence of Plaintiff Jose Luis Melendez Pedraza a substantial factor in causing his accident?

            _____                               _____

            YES                               NO

Juror 1:  Agree_____  Disagree_____   Juror 4:  Agree_____  Disagree_____

Juror 2:  Agree_____  Disagree_____   Juror 5:  Agree_____  Disagree_____

Juror 3:  Agree_____  Disagree_____   Juror 6:  Agree_____  Disagree_____

13. What was the percentage of fault of the Defendant New York City Transit Authority and the percentage of fault of Plaintiff Jose Luis Melendez Pedraza?

Note:  Total must be 100%.  You may put 0% next to either party.

                    PLAINTIFF:       _____  %

                    DEFENDANT:     _____  %

Juror 1:  Agree_____  Disagree_____   Juror 4:  Agree_____  Disagree_____

Juror 2:  Agree_____  Disagree_____   Juror 5:  Agree_____  Disagree_____

Juror 3:  Agree_____  Disagree_____   Juror 6:  Agree_____  Disagree_____

14. Was Plaintiff Armando Antonio Martinez negligent?

            _____                               _____

            YES                               NO

Juror 1:  Agree_____  Disagree_____   Juror 4:  Agree_____  Disagree_____

Juror 2:  Agree_____  Disagree_____   Juror 5:  Agree_____  Disagree_____

Juror 3:  Agree_____  Disagree_____   Juror 6:  Agree_____  Disagree_____

15. Was the negligence of Plaintiff Armando Antonio Martinez a substantial factor in causing his accident?

                _____                               _____
                  YES                                NO

Juror 1:  Agree\_\_\_\_\_  Disagree_____    Juror 4:  Agree\_\_\_\_\_  Disagree_____

Juror 2:  Agree\_\_\_\_\_  Disagree_____    Juror 5:  Agree\_\_\_\_\_  Disagree_____

Juror 3:  Agree_____  Disagree_____    Juror 6:  Agree\_\_\_\_\_  Disagree_____

16. What was the percentage of fault of the Defendant New York City Transit Authority and the percentage of fault of Plaintiff Armando Antonio Martinez?

<u>Note</u>:  Total must be 100%.  You may put 0% next to either party.

                      PLAINTIFF:         _____ %

                      DEFENDANT:       _____ %

Juror 1:  Agree\_\_\_\_\_  Disagree\_\_\_\_\_    Juror 4:  Agree\_\_\_\_\_  Disagree_____

Juror 2:  Agree\_\_\_\_\_  Disagree\_\_\_\_\_    Juror 5:  Agree\_\_\_\_\_  Disagree_____

Juror 3:  Agree\_\_\_\_\_  Disagree\_\_\_\_\_    Juror 6:  Agree\_\_\_\_\_  Disagree_____

17. State separately the amount to be awarded to Plaintiff Jose Luis Melendez Pedraza for the following items of damages, if any:

- Pedraza – Past Medical Expenses: $_____

          Juror 1:   _____     Juror 4:    _____

          Juror 2:   _____     Juror 5:    _____

          Juror 3:   _____     Juror 6:    _____

- Pedraza – Past Pain and Suffering: $_____

          Juror 1:   _____     Juror 4:    _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____

- Pedraza – Future Medical Expenses: $_____

Juror 1: _____    Juror 4: _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____

- Pedraza – Future Pain and Suffering: $_____

Juror 1: _____    Juror 4: _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____

State separately the amount to be awarded to Plaintiff Armando Antonio Martinez for the following items of damages, if any:

- Martinez – Past Medical Expenses: $_____

Juror 1: _____    Juror 4: _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____

- Martinez – Past Pain and Suffering: $_____

Juror 1: _____    Juror 4: _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____

- Martinez – Future Medical Expenses: $_____

Juror 1: _____    Juror 4: _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____


- Martinez – Future Pain and Suffering: $_____

Juror 1: _____    Juror 4: _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____


**THE FOREGOING REFLECTS THE VERDICT OF THE JURY**


Juror 1: _____    Juror 4: _____

Juror 2: _____    Juror 5: _____

Juror 3: _____    Juror 6: _____


PLEASE RETURN TO THE COURTROOM

AND REPORT YOUR VERDICT

Dated: New York, New York
April 8, 2025

HOGUET NEWMAN REGAL & KENNEY, LLP


By:

Ira J. Lipton
Helene R. Hechtkopf
Miriam J. Manber
Connor G. Shea
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165
Phone: 212-689-8808

*Attorneys for Defendants*

# EXHIBIT 2

5-7-2025
Start  11:50 Am
Verdict  4:15 pm

SUPREME COURT OF THE STATE
OF NEW YORK COUNTY OF NEW
YORK

JOSE LUIS MELENDEZ PEDRAZA a/k/a
JOSE LUIS MELENDEZ a/k/a JOSE L.
PEDRAZA,

    Plaintiff(s),

   -against-

NEW YORK CITY TRANSIT AUTHORITY,
and ANGEL RIVERA,

  Defendant(s).

Index No. 159366/2013
(Action #1)

**VERDICT SHEET**

JUDGE JAMES CLYNES

---

ARMANDO ANTONIO MARTINEZ,

    Plaintiff(s),

   -against-

NEW YORK CITY TRANSIT AUTHORITY,
and LUMUEL GONZALEZ,

  Defendant(s).

Index No. 153421/2017
(Action #2)

## **VERDICT SHEET**

**AT LEAST 5 JURORS NEED TO AGREE ON EACH QUESTION ANSWERED BY THE
JURY.  HOWEVER, EACH QUESTION ANSWERED DOES NOT REQUIRE THE EXACT
SAME 5 JURORS TO AGREE ON THE RESPONSE**

1

## I. CLAIMS AGAINST THE NEW YORK CITY TRANSIT AUTHORITY

### QUESTION 1

Was Defendant New York City Transit Authority on notice of an allegedly dangerous condition at the southbound Spring Street Station, specifically due to the curvature of the platform and the limited line of sight for train operators entering that station, regarding people who may end up on the tracks?

(At least five jurors must agree on the answer to this question.)

YES_____✓_____ NO _____

Jurors, after answering the above question will sign their names below:

1. _____        4. _____

2. _____        5. _____

3. _____        6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 2.

2

## QUESTION 2

Was the Defendant New York City Transit Authority negligent in the operation of its trains by not limiting the trains' entry speed at the southbound Spring Street station to 15 miles per hour?

(At least five jurors must agree on the answer to this question.)

**YES** _____ ✓ _____ **NO** _____

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

1. _____

IF YOUR ANSWER TO QUESTION 2 IS "YES", PROCEED TO QUESTION 3.
IF YOUR ANSWER TO QUESTION 2 IS "NO", PROCEED TO QUESTION 7.

3

## QUESTION 3

Was the negligence of the New York City Transit Authority a substantial factor in causing Plaintiff Jose Luis Melendez Pedraza's injuries?

(At least five jurors must agree on the answer to this question.)

**YES** ✓  **NO** _____

Jurors, after answering the above question will sign their names below:

1. _____   4. _____

2. _____   5. _____

3. _____   6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 4.

4

## QUESTION 4

Was the negligence of the New York City Transit Authority a substantial factor in causing Plaintiff Armando Antonio Martinez's injuries?

(At least five jurors must agree on the answer to this question.)

**YES** ____✓____ **NO** _____

Jurors, after answering the above question will sign their names below:

1. _____    4. _____

2. _____    5. _____

3. _____    6. _____

I, the undersigned juror, do not concur in the above.

    1. _____

*IF YOUR ANSWER TO QUESTIONS 1 AND 2 AND 3 **OR** 4 ARE "YES", YOU HAVE FOUND NEGLIGENCE ON THE PART OF THE NEW YORK CITY TRANSIT AUTHORITY. YOU MUST PROCEED TO QUESTIONS 5 AND 6 TO CONSIDER WHETHER THE NEW YORK CITY TRANSIT AUTHORITY IS ENTITLED TO QUALIFIED IMMUNITY.

*IF THE ANSWER TO QUESTIONS 1 AND 2 ARE "NO," PROCEED TO QUESTION 7.

5

## QUESTION 5

Did Defendant New York City Transit Authority prove it was reasonable for it to rely on its system-wide analysis to determine its speed policy for the southbound Spring Street station?

(At least five jurors must agree on the answer to this question.)

**YES**_____ **NO** ___✓_____

Jurors, after answering the above question will sign their names below:

1. _____  4. _____

2. _____  5. _____

3. _____  6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 6.

6

## QUESTION 6

Did Defendant New York City Transit Authority prove that it satisfied its continuing duty to review its speed policy plan in light of its actual operation at the Spring Street Station?

(At least five jurors must agree on the answer to this question.)

YES_____ NO ____✓_____

Jurors, after answering the above question will sign their names below:

1._____      4._____

2._____      5._____

3._____      6._____

I, the undersigned juror, do not concur in the above.

1._____

*IF YOU ANSWER "YES" TO BOTH QUESTIONS 5 **AND** 6, YOU HAVE FOUND THAT DEFENDANT NEW YORK CITY TRANSIT AUTHORITY IS ENTITLED TO QUALIFIED IMMUNITY AND THEREFORE IS NOT RESPONSIBLE.

*IF YOU ANSWER "NO" TO EITHER QUESTION 5 **OR** 6, YOU HAVE FOUND THAT DEFENDANT NEW YORK CITY TRANSIT AUTHORITY IS NOT ENTITLED TO QUALIFIED IMMUNITY AND THEREFORE IS RESPONSIBLE. YOU MUST CONSIDER PLAINTIFFS' CLAIMS FOR DAMAGES STARTING AT QUESTION 11, HOWEVER FIRST YOU MUST ANSWER QUESTIONS 7 THROUGH10 WHICH INVOLVE THE TRAIN OPERATORS' NEGLIGENCE.

**\*PROCEED TO QUESTION 7.**

7

## II. CLAIMS AGAINST THE TRAIN OPERATORS ANGEL RIVERA AND LEMUEL GONZALES

### QUESTION 7

Was Defendant Angel Rivera negligent in his operation of the train on October 26, 2012?

(At least five jurors must agree on the answer to this question.)

YES_____ NO _____

Jurors, after answering the above question will sign their names below:

1. _____ 4. _____

2. _____ 5. _____

3. _____ 6. _____

I, the undersigned juror, do not concur in the above.

1. _____

IF YOUR ANSWER TO QUESTION 7 IS "YES", PROCEED TO QUESTION 8. IF YOUR ANSWER TO QUESTION 7 IS "NO", SKIP QUESTION 8 AND PROCEED TO QUESTION 9.

8

## QUESTION 8

Was the negligence of Defendant Angel Rivera a substantial factor in causing Plaintiff Jose Luis Melendez Pedraza's injuries?

(At least five jurors must agree on the answer to this question.)

YES_____ NO _____

Jurors, after answering the above question will sign their names below:

1. _____           4. _____

2. _____           5. _____

3. _____           6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 9.

9

## QUESTION 9

Was Defendant Lemuel Gonzalez negligent in his operation of the train on February 27, 2016?

(At least five jurors must agree on the answer to this question.)

**YES**＿＿＿＿＿＿   **NO** ＿＿＿✓＿＿＿＿

Jurors, after answering the above question will sign their names below:

1. ＿＿＿＿＿＿＿＿＿＿＿    4. ＿＿＿＿＿＿＿＿＿＿＿

2. ＿＿＿＿＿＿＿＿＿＿＿    5. ＿＿＿＿＿＿＿＿＿＿＿

3. ＿＿＿＿＿＿＿＿＿＿＿    6. ＿＿＿＿＿＿＿＿＿＿＿

I, the undersigned juror, do not concur in the above.

　　1. ＿＿＿＿＿＿＿＿＿＿＿＿＿

*IF YOUR ANSWER TO QUESTION 9 IS "YES", PROCEED TO QUESTION 10.

*IF YOUR ANSWER TO QUESTION 9 IS "NO", PLEASE SKIP QUESTION 10 AND PROCEED TO QUESTION 11.

10

## QUESTION 10

Was the negligence of Defendant Lemuel Gonzalez a substantial factor in causing Plaintiff Armando Antonio Martinez's injuries?

(At least five jurors must agree on the answer to this question.)

YES_____    NO _____

Jurors, after answering the above question will sign their names below:

1. _____       4. _____

2. _____       5. _____

3. _____       6. _____

I, the undersigned juror, do not concur in the above.

    1. _____

IF YOUR ANSWER TO QUESTION 10 IS "YES," PROCEED TO QUESTION 11.

IF YOUR ANSWER TO QUESTION 10 IS "NO," **BUT** YOUR ANSWER TO QUESTIONS 3 **OR** 8 IS "YES," PROCEED TO QUESTION 11.

IF YOUR ANSWER TO QUESTION 10 IS "NO," **AND** YOUR ANSWERS TO QUESTIONS 3 **AND** 8 ARE "NO," STOP AND REPORT YOUR VERDICT TO THE COURT.

11

### III.   QUESTIONS PERTAINING TO PLAINTIFF PEDRAZA

### QUESTION 11

Was Plaintiff Jose Luis Melendez Pedraza negligent on October 26, 2012?

(At least five jurors must agree on the answer to this question.)

**YES**＿＿＿＿＿＿      **NO** ＿＿✓＿＿＿

Jurors, after answering the above question will sign their names below:

1. ＿＿＿＿＿＿＿＿＿＿＿    4. ＿＿＿＿＿＿＿＿＿＿＿＿

2. ＿＿＿＿＿＿＿＿＿＿＿    5. ＿＿＿＿＿＿＿＿＿＿＿＿

3. ＿＿＿＿＿＿＿＿＿＿＿    6. ＿＿＿＿＿＿＿＿＿＿＿＿

I, the undersigned juror, do not concur in the above.

1. ＿＿＿＿＿＿＿＿＿＿＿＿＿

IF YOUR ANSWER TO QUESTION 11 IS "YES", PROCEED TO QUESTION 12.
IF YOUR ANSWER TO QUESTION 11 IS "NO", PROCEED TO QUESTION 14.

12

## QUESTION 12

Was the negligence of Plaintiff Jose Luis Melendez Pedraza a substantial factor in causing his injuries?

(At least five jurors must agree on the answer to this question.)

YES _____ NO _____

Jurors, after answering the above question will sign their names below:

1. _____      4. _____

2. _____      5. _____

3. _____      6. _____

I, the undersigned juror, do not concur in the above.

1. _____

IF YOUR ANSWER TO QUESTION 12 IS "YES", PROCEED TO QUESTION 13.
IF YOUR ANSWER TO QUESTION 12 IS "NO", PROCEED TO QUESTION 14.

13

## QUESTION 13

Set forth the percentage of fault attributable to each of the parties so that the total equals 100%. (New York City Transit Authority and/or Train Operator Angel Rivera and Plaintiff Jose Luis Melendez Pedraza?

DEFENDANT NEW YORK CITY TRANSIT AUTHORITY:  *100* %

DEFENDANT ANGEL RIVERA:  *0* %

PLAINTIFF JOSE LUIS MELENDEZ PEDRAZA:  *0* %

(At least five jurors must agree on the answer to this question.)

YES      NO

Jurors, after answering the above question will sign their names below:

1. _____  4. _____

2. _____  5. _____

3. _____  6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 14.

14

## QUESTION 14

State the amount awarded that will fairly and adequately compensate plaintiff JOSE PEDRAZA for his <u>past pain and suffering</u>, from the date of the occurrence, October 26, 2012, to the date of your verdict. If you do not make an award for this item insert the word NONE.

(At least five jurors must agree on the answer to this question.)

$ 20,000,000

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 15.

15

## QUESTION 15

State the total amount of money that will fairly and adequately compensate plaintiff JOSE PEDRAZA for his <u>future pain and suffering</u>, including the permanent effects of his injuries, from the date of your verdict until the time that he could be expected to live. If you do not make an award for this item insert the word NONE.

Do not reduce the amount you award due to any percentage of comparative fault you assign to plaintiff, and do not award an amount per year for each future year of compensation. You must award the total amount of damages.

(At least five jurors must agree on the answer to this question.)

$ 25,000,000 —

Jurors, after answering the above question will sign their names below:

1. _____    4. _____

2. _____    5. _____

3. _____    6. _____

I, the undersigned juror, do not concur in the above.

1. _____

IF YOU MADE AN AWARD FOR QUESTION 15, PROCEED TO QUESTION 16.
IF YOU MADE NO AWARD, PROCEED TO QUESTION 17.

16

## QUESTION 16

State the number of years your award in QUESTION 15 is intended to provide compensation to plaintiff JOSE PEDRAZA in the future.

(At least five jurors must agree on the answer to this question.)

_____22.2_____ years

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 17.

17

## IV. QUESTIONS PERTAINING TO PLAINTIFF MARTINEZ

### QUESTION 17

Was Plaintiff Armando Antonio Martinez negligent on February 27, 2016?

(At least five jurors must agree on the answer to this question.)

YES_____ NO ___✓_____

Jurors, after answering the above question will sign their names below:

1. _____     4. _____
2. _____     5. _____     5-6
3. _____     6. _____

I, the undersigned juror, do not concur in the above.



IF YOUR ANSWER TO QUESTION 17 IS "YES", PROCEED TO QUESTION 18.
IF YOUR ANSWER TO QUESTION 17 IS "NO", PROCEED TO QUESTION 20.

18

## QUESTION 18

Was the negligence of Plaintiff Armando Antonio Martinez a substantial factor in causing his injuries?

(At least five jurors must agree on the answer to this question.)

YES_____ NO _____

Jurors, after answering the above question will sign their names below:

1. _____    4. _____

2. _____    5. _____

3. _____    6. _____

I, the undersigned juror, do not concur in the above.

1. _____

IF YOUR ANSWER TO QUESTION 18 IS "YES", PROCEED TO QUESTION 19.
IF YOUR ANSWER TO QUESTION 18 IS "NO", PROCEED TO QUESTION 20.

## QUESTION 19

Set forth the percentage of fault attributable to each of the parties so that the total equals 100%. (New York City Transit Authority and/or Train Operator Lemuel Gonzalez and/or Plaintiff Armando Antonio Martinez?

<div style="margin-left: 3em;">

DEFENDANT
NEW YORK
CITY
TRANSIT          _100_ %
AUTHORITY:


DEFENDANT        _0_ %
LEMUEL
GONZALEZ:

PLAINTIFF

ARMANDO
ANTONIO          _0_ %
MARTINEZ:

</div>

(At least five jurors must agree on the answer to this question.)



YES ~~~~~~~ NO ~~~~~~~

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____     5-6

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

    1. _____

PROCEED TO QUESTION 20.

20

## QUESTION 20

State the full amount awarded that will fairly and adequately compensate plaintiff ARMANDO ANTONIO MARTINEZ for his past pain and suffering, from the date of the occurrence, February 27, 2016, to the date of your verdict? If you do not make an award for this item insert the word NONE.

(At least five jurors must agree on the answer to this question.)

$ _____ $10,500,000 — _____

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 21.

21

## QUESTION 21

State the total amount of money that will fairly and adequately compensate plaintiff ARMANDO ANTONIO MARTINEZ for his <u>future pain and suffering</u>, including the permanent effects of his injuries, from the date of your verdict until the time that he could be expected to live?  If you do not make an award insert the word NONE.

Do not reduce the amount you award due to any percentage of comparative fault you assign to plaintiff, and do not award an amount per year for each future year of compensation.  You must award the total amount of damages.

(At least five jurors must agree on the answer to this question.)

$ __46,000,000 —__

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

    1. _____

IF YOU MADE AN AWARD FOR QUESTION 21, PROCEED TO QUESTION 22.

IF YOU MADE NO AWARD, PROCEED TO QUESTION 23.

22

## QUESTION 22

State the number of years your award in Question 21 is intended to provide compensation to plaintiff ARMANDO ANTONIO MARTINEZ in the future.

(At least five jurors must agree on the answer to this question.)

_____46_____ years

Jurors, after answering the above question will sign their names below:

1. _____    4. _____

2. _____    5. _____

3. _____    6. _____

I, the undersigned juror, do not concur in the above.

1. _____

PROCEED TO QUESTION 23.

23

## QUESTION 23

State separately the amount awarded for the following items of damages (medical expenses), if any, to plaintiff ARMANDO ANTONIO MARTINEZ to be incurred in the future. If you do not make an award insert the word NONE.

(At least five jurors must agree on the answer to this question.)

(A)   Medical Care                         $ _63,573_

(B)   Diagnostic Studies                  $ _11,207_

(C)   Prosthesis and Related Costs   $ _2,000,000_

(D)   Home Equipment                    $ _5,291_

(E)   Therapies                              $ _530,980_

$ _2,611,051_
TOTAL AMOUNT AWARDED FOR FUTURE MEDICAL EXPENSES

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

1. _____

IF YOU MADE AN AWARD FOR QUESTION 23, PROCEED TO QUESTION 24. IF YOU DID NOT MAKE AN AWARD FOR QUESTION 23, STOP AND REPORT YOUR VERDICT TO THE COURT.

24

## QUESTION 24

State the number of years your award in Question 23 is intended to provide compensation to plaintiff ARMANDO ANTONIO MARTINEZ in the future.

| | | |
|---|---|---|
| (A) | Medical Care | _46_ yrs. |
| (B) | Diagnostic Studies | _46_ yrs. |
| (C) | Prosthesis and Related Costs | _46_ yrs. |
| (D) | Home Equipment | _46_ yrs. |
| (E) | Therapies | _46_ yrs. |

Jurors, after answering the above question will sign their names below:

1. _____     4. _____

2. _____     5. _____

3. _____     6. _____

I, the undersigned juror, do not concur in the above.

    1. _____

REPORT YOUR VERDICT TO THE COURT.

25