UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUISA JANSSEN HARGER DA SILVA, <br><br> Plaintiff, <br><br> -against- <br><br> NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, and RAQIA SHABAZZ, <br><br> Defendants. | **MEMORANDUM AND ORDER** <br> Case No. 17-CV-4550 |

*Appearances:*
*For the Plaintiff:*
ELLIOT DOLBY SHIELDS
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, New York 10016

*For the Defendants:*
ANDREW P. KEAVENEY
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 13th Floor
New York, New York 10271

**BLOCK, Senior District Judge:**

Plaintiff Luisa Janssen Harger Da Silva ("Plaintiff" or "Da Silva") brought negligence claims against Defendants New York City Transportation Authority ("NYCTA" or "TA"), Metropolitan Transportation Authority ("MTA") (collectively "Transit Defendants"), and Raquia Shabazz ("Shabazz") (collectively "Defendants") for injuries resulting from being struck by a subway train.

Defendants moved for summary judgment to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 56, which the Court denied in part. *Da Silva v.*

1

*New York City Transit Auth.*, No. 17-CV-4550, 2025 WL 722967 (E.D.N.Y. Mar. 6, 2025). The Transit Defendants argued, *inter alia*, that they were entitled to New York state law immunity on two bases: (1) that it was performing a government function ("government function immunity"); and (2) that, even if not, it nonetheless was entitled to qualified immunity because its decision had a reasonable basis in safety and efficiency considerations.

The Court rejected each contention. It held that government function immunity was inapplicable because, as a matter of law, the Transit Defendants were acting in a proprietary capacity. It rejected the state law qualified immunity contention because issues of fact precluded its grant.

Defendants then filed a notice of appeal as to both state law immunity defenses, asserting that the Court's refusal to grant summary judgment on these immunities constituted a "final decision" under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (explaining collateral order doctrine's application to denial of federal qualified immunity that turned on issue of law).

The circuit court lacks jurisdiction over an appeal absent "a final decision" or some "other basis for immediate appeal," like the district court certifying an interlocutory appeal. *Doe v. Waltzer*, No. 24-2493, 2025 WL 733188, at *1 (2d Cir. Mar. 7, 2025) (summary order). However, denial of summary judgment on an

immunity is only a "final decision" if the immunity provides "*immunity from suit* rather than a mere defense to liability." [1] *Mitchell*, 472 U.S. at 526–27 (emphasis in original). Unlike federal qualified immunity—which provides immunity from suit—both state law immunity defenses Transit Defendants invoked only provide "an immunity from liability—as opposed to an immunity from suit— [and thus] federal appellate jurisdiction does not lie under the collateral order doctrine." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 181–82 (2d Cir. 2008). In other words, the Court's denial of summary judgment on Transit Defendants' asserted immunities did not constitute a final decision under 28 U.S.C. § 1291. Appeal therefore is improper and frivolous without the Court certifying an interlocutory appeal.

## I.

"[T]he cases construing the defense[s]" of both immunities Defendants' claim—state law government function immunity and state law qualified immunity—demonstrate that both provide only immunity from liability.[2] *In re World Trade Ctr.*, 521 F.3d at 182. The Second Circuit, analyzing decisions by the New York

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[2] "State substantive law governs the scope of immunity for state law claims, and federal law determines the appealability of the district court's order. . . . To determine the nature of the rights conferred by a grant of immunity, a court must consider whether, under the law of the sovereign that provides the immunity, those immunities are intended to be from suit, or just from liability." *In re World Trade Ctr.*, 521 F.3d at 181.

State Court of Appeals, has specifically held that "discretionary function governmental immunity is merely a defense to liability, rather than an immunity from suit." *Id.* at 187 (citing *Brown v. State*, 89 N.Y.2d 172, 192 (1996)). The same applies to state law qualified immunity, which the Court of Appeals cited to in describing those "defenses, sometimes referred to loosely as 'immunities'" that leave Defendants "amendable to suit." *Brown*, 89 N.Y.2d at 192 (citing *Weiss v. Fote*, 7 N.Y.2d 579 (1960)); *see Turturro v. City of New York*, 28 N.Y.3d 469, 486 (2016) (explaining that "the qualified immunity doctrine this Court recognized in *Weiss v. Fote*" protects only against "liability"). These state law immunities are thus not subject to the collateral order doctrine and their denial on summary judgment is not a final decision.

## II.

The district court may permit an appeal to the circuit court if it certifies "an otherwise-non-final order" for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which the circuit then has discretion to accept. *Waltzer*, 2025 WL 733188, at *1. The procedural sequence is critical: the appealing party must seek § 1292(b) certification from the district court before filing its notice of appeal. *Id.* at *2. Failure to do so may render the appeal frivolous and allow the district court to "retain jurisdiction notwithstanding appeal." *Carroll v. Trump*, 88 F.4th 418, 433 (2d Cir. 2023); *see Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527

(2d Cir. 1990) (holding that "premature" notice of appeal from district court's non-final order "did not divest the district court of jurisdiction").

Defendants have not sought to certify an interlocutory appeal. Even if they had, the Court would not have granted the request.[3] This case has been pending for nearly eight years, fact disputes permeate the qualified immunity inquiry, and established law supported by a century of precedent precludes government function immunity. *Da Silva*, 2025 WL 722967, at \*2–\*4; *see In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 171 (2d Cir. 2007) (affirming jurisdiction of district court "to proceed with pretrial proceedings and a trial" after it refused to certify interlocutory appeal of order denying summary judgment on New York state law immunity defenses). Any other conclusion would undermine the "divestiture of jurisdiction" rule[4] and "the principle of judicial economy from which it springs." *Carroll*, 88 F.4th at 433–34; *see U.S. v. Rodgers*, 101 F.3d 247, 251–52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt

---

[3] "A district court may certify an interlocutory appeal of an order if the court determines that (1) 'such order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion' and (3) 'that an immediate appeal from the order may materially advance the termination of the litigation.'" *B&R Supermarket, Inc. v. Visa Inc.*, No. 17-CV-2738, 2025 WL 845109, at \*2 (E.D.N.Y. Mar. 18, 2025) (quoting 28 U.S.C. § 1292(b)). "District courts have unfettered discretion to deny certification for any reason, including docket congestion and the system-wide costs and benefits of allowing the appeal, even where the three legislative criteria of section 1292(b) appear to be met." *Id.*

[4] "As a general rule, once a notice of appeal has been filed, it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 565 (2d Cir. 1991) (per curiam).

5

district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal."); *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996) (recognizing dual jurisdiction rule enabling "the district court to retain jurisdiction pending summary disposition of the appeal" by deeming it frivolous, "thereby minimiz[ing] disruption of the ongoing proceedings").

## III.

Accordingly, the Court shall retain jurisdiction, and the case shall proceed to trial.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 29, 2025