E.D.N.Y. – Bklyn.
17-cv-4550
Block, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

Present:
> José A. Cabranes,
> Michael H. Park,
> Beth Robinson,
> > *Circuit Judges*.

---

Luisa Janssen Harger Da Silva,

> *Plaintiff-Appellee*,

v.                                                                                                                        25-727

New York City Transit Authority, et al.,

> *Defendants-Appellants*.

---

Appellants move for a partial stay pending appeal of a trial that began on Monday, October 27, 2025. Appellee opposes. Upon due consideration, it is hereby ORDERED that the motion for a partial stay pending appeal is DENIED.

Whether to grant a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case," and requires consideration of the relevant factors, including, most critically, the likelihood of success on the merits and irreparable harm to a petitioner absent a stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)).

We deny the motion for a stay pending appeal primarily because Appellants have not made a strong showing that this Court has appellate jurisdiction over the interlocutory order they seek to appeal, and, absent appellate jurisdiction, they cannot establish a likelihood of success on the merits at this juncture. *See In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 181 (2d Cir. 2008) (explaining that New York "disfavors immunities from suit," and when motions premised on

immunity from liability (as opposed to immunity from suit) are denied, "[d]efendants cannot appeal the denial of those immunities prior to final judgment"). Appellants have further failed to show that they will be irreparably injured absent a stay. *See Nken*, 556 U.S. at 426; *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (delay in seeking stay undermines claim of irreparable harm).

As the motion to dismiss the appeal has been referred to the panel that will ultimately determine the merits of this appeal, this order should not be considered controlling in future appellate proceedings.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

*Catherine O'Hagan Wolfe*