ROTH & ROTH LLP

ATTORNEYS AT LAW
*192 Lexington Avenue, Suite 802*
*New York, NY 10016*
*Office (212) 425-1020 Fax (212) 503-3248*

September 2, 2026

**VIA CM/ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *Harger Da Silva v. New York City Transit Authority*, No. 25-727**
**Oral argument scheduled for Friday, September 4, 2026, 10:00 a.m.**

Dear Ms. Wolfe:

I represent Plaintiff-Appellee Luisa Janssen Harger Da Silva. I write, in advance of Friday's argument, for two purposes: first, to correct a citation error in Appellee's reply in support of her motion to dismiss the appeal (Dkt. 16.1).

Appellee's reply in support of the motion to dismiss, at page 5 (Dkt. 16.1 cites "*Galloway v. City of N.Y.*, 43 N.Y.3d 112, 127-29 (2024)" for the proposition that the New York Court of Appeals applies the same governmental/proprietary analysis to other utilities. That citation is erroneous. No decision of the Court of Appeals by that name appears at that citation, and the citation should not have been included in the filed brief.

The error was a drafting error, and I take responsibility for it. The citation was identified as incorrect during review of the first draft of the reply and was removed in the second draft. In preparing the final draft for filing, the redlined deletion was mistakenly rejected rather than accepted, and the citation was restored to the text that was filed. I regret the error and apologize to the Court and to Appellants' counsel for it.

The proposition for which the citation was offered is supported by the authority cited immediately before it, *Connolly v. Long Island Power Authority*, 30 N.Y.3d 719, 726–27 (2018), and by *Calabrese v. City of Albany*, 43 N.Y.3d 167, 179 (2024), in which the Court of Appeals held that "the City's repair of the excavation on Lark Street was a proprietary function." Appellants' opening brief cites *Calabrese* for the same proposition (Dkt. 25.1 at 27). Appellee asks that the Court disregard the erroneous *Galloway* citation and treat the sentence as citing *Connolly* and *Calabrese*.

Plaintiff-Appellee's counsel takes this mistake very seriously and has instituted procedural safeguards to ensure that this ever happens again, and we note that this has never happened before.

Appellee has no objection to Appellants' counsel responding by letter, and stands ready to address any of these matters at argument.

Respectfully submitted,

/s/ Elliot Dolby Shields
Elliot Dolby Shields
Roth & Roth LLP
*Counsel for Plaintiff-Appellee*

cc: Counsel for Defendants-Appellants (via CM/ECF)