ROTH & ROTH LLP

ATTORNEYS AT LAW
*192 Lexington Avenue, Suite 802*
*New York, NY 10016*
*Office (212) 425-1020 Fax (212) 503-3248*

September 3, 2026

**VIA CM/ECF**
Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *Harger Da Silva v. New York City Transit Authority*, No. 25-727**
**Oral argument scheduled for Friday, September 4, 2026, 10:00 a.m.**

Dear Ms. Wolfe:

I represent Plaintiff-Appellee Luisa Janssen Harger Da Silva. I write to supplement my letter of September 2, 2026 (Dkt. 60), and I begin with an apology. Upon further review of Appellee's briefs and conferral with Appellants' counsel, we have identified additional citation and quotation errors in Appellee's submissions beyond the *Galloway* citation disclosed yesterday. I apologize to the Court and to Appellants' counsel for each of these errors, and for the fact that yesterday's letter did not identify them.[1] Several of the items below were identified by Appellants' counsel in correspondence on the evening of September 2, and I thank them for bringing the matters to our attention. I respectfully request that this letter be transmitted to the panel.

The errors, and the corrections, are as follows.

1. Motion to dismiss (Dkt. 14.1) at 9. The motion attributes to *National Rifle Ass'n of America v. Vullo*, 49 F.4th 700, 712 (2d Cir. 2022), the quotation "We lack jurisdiction over appeals challenging the district court's determination of evidence sufficiency on summary judgment." That sentence does not appear in *Vullo*. The passage at page 712 of the opinion reads: "If a district court's decision turns on questions of evidence sufficiency alone (i.e., which alleged facts a party may, or may not, be able to prove at trial), it is not immediately appealable." *Vullo*, 49 F.4th at 712 (citing *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996)). The sentence in the motion was a paraphrase of that passage and should have been presented as a paraphrase, not placed in quotation marks. The motion also erred in describing the passage as addressed to summary judgment; *Vullo* arose on an interlocutory appeal from the denial of a motion to dismiss on qualified-immunity grounds, and the passage states the general rule for interlocutory review of qualified-immunity denials. The

[1] In the course of that conferral, Appellee's counsel also identified to Appellants' counsel several quotations in Appellants' briefs that do not accurately reproduce the language of the cited authorities, including the quotations attributed to *Haddock v. City of New York*, 75 N.Y.2d 478, 484 (1990), *Zambrana v. New York City Transit Authority*, 14 A.D.3d 23, 25 (1st Dep't 2004), and *Affleck v. Buckley*, 96 N.Y.2d 553, 556 (2001). Appellee raises those items here only so that the Court is aware they were the subject of the parties' conferral.

same page of *Vullo* goes on to state that a district court's decision "is not insulated from review simply because the district court declared that genuine issues of fact exist," and that appellate jurisdiction exists "if the defendant contests the existence of a dispute or the materiality as a matter of law, or contends that he is entitled to qualified immunity even under the plaintiff's version of the facts." *Id.* (quoting *Royal Crown Day Care LLC v. Department of Health & Mental Hygiene*, 746 F.3d 538, 542 (2d Cir. 2014)) (cleaned up). Appellee withdraws the quotation as it appeared in the motion and relies on *Vullo* only for what it says, together with *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995), *Salim*, 93 F.3d at 89, and *Rohman v. New York City Transit Authority*, 215 F.3d 208, 214–15 (2d Cir. 2000).

2. Response brief (Dkt. 34.1) at 52. The brief states that *Affleck v. Buckley*, 96 N.Y.2d 553, 558 (2001), and *Giske v. State*, 191 A.D.2d 675, 676 (2d Dep't 1993), "teach that immunity attaches only where the government shows it 'actually exercised its discretion in a reasoned manner.'" The quoted phrase does not appear in either decision. It was a paraphrase of Appellee's reading of those cases and should not have been placed in quotation marks. Appellee withdraws the quotation.

3. Response brief (Dkt. 34.1) at 54. The brief states that under *Weiss v. Fote*, 7 N.Y.2d 579 (1960), and *Affleck*, planning immunity is unavailable where a decision "evolved without adequate study" or where the agency fails to exercise its discretion "in a reasoned manner." The first quoted phrase appears in *Weiss*, 7 N.Y.2d at 589. The second, "in a reasoned manner," does not appear in *Weiss* or in *Affleck*, and Appellee withdraws it. The standard those decisions state is that liability for a planning decision may be predicated on proof that the plan "either was evolved without adequate study or lacked reasonable basis," *Weiss*, 7 N.Y.2d at 589, and that a governmental body may be liable "only when its study is 'plainly inadequate or there is no reasonable basis for its [ ] plan,'" *Affleck*, 96 N.Y.2d at 556 (quoting *Friedman v. State*, 67 N.Y.2d 271, 284 (1986)). Appellee relies on those formulations.

4. Reply in support of the motion to dismiss (Dkt. 16.1) at 6. In Point II.D, the reply cites "*Santaiti v. N.Y.C. Transit Auth.*, 162 A.D.3d 924, 925–26 (2d Dep't 2018)" and "*Pitts v. State*, 166 A.D.3d 1504, 1506 (4th Dep't 2018)." Both citations are incorrect. The decision is *Santaiti v. Town of Ramapo*, 162 A.D.3d 921 (2d Dep't 2018); the Transit Authority was not a party to it, and the decision begins at page 921. *Pitts* begins at page 1505, not 1504. The reply cites both decisions correctly one page earlier, in Point II.B, as *Santaiti v. Town of Ramapo*, 162 A.D.3d 921, 926 (2d Dep't 2018), and *Pitts v. State*, 166 A.D.3d 1505, 1506 (4th Dep't 2018). The errors in the second set of citations were not caught in review before filing. Both decisions were cited for the proposition that New York courts treat governmental-function immunity as an affirmative defense that is pleaded, waived if not pleaded, and resolved on a developed record. Appellee relies on the correct citations in Point II.B and on *Valdez v. City of New York*, 18 N.Y.3d 69, 78 (2011), and asks the Court to disregard the erroneous citations in Point II.D.

Appellee does not rely on any of the quoted language identified above, and asks the Court to treat each affected sentence as resting only on the authorities correctly identified in this letter and in Appellee's briefs.

These errors resulted from my failure to properly check citations and quotations before filing. Language that paraphrased the cited authorities was placed in quotation marks, and citations and quotations were not verified against the full text of each decision before the documents were filed. As counsel of record, that failure is my responsibility, and I do not offer the explanation as an excuse. Appellee's law firm has since instituted new procedures to ensure that this does not happen again, including a requirement that every authority cited in any filing be downloaded in

full text from Westlaw, and that every citation, pin cite, and quotation be checked by a firm's partner against that text before the document is filed.

I am prepared to address any questions the panel may have regarding these matters at oral argument. Appellee has no objection to Appellants' counsel responding by letter.

I apologize again to the Court, to Appellants' counsel, and the law firm that I am of counsel to. These errors are mine alone, and I deeply regret my errors, which are professionally embarrassing and humiliating. Ms. Da Silva had no part in them, and I respectfully ask that they not be held against her or weighed in the Court's consideration of the merits of her position.

Respectfully submitted,

/s/ Elliot Dolby Shields
Elliot Dolby Shields
Roth & Roth LLP
*Counsel for Plaintiff-Appellee*

cc: Counsel for Defendants-Appellants (via CM/ECF)