25-727-cv
*Da Silva v. N.Y.C. Transit Auth.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-six.

PRESENT:

REENA RAGGI,
MARIA ARAÚJO KAHN,
*Circuit Judges*,
RACHEL P. KOVNER,
*District Judge.*[*]

---

LUISA JANSSEN HARGER DA SILVA,

*Plaintiff-Appellee*,

v.

No. 25-727-cv

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, RAQIA SHABAZZ,

---

[*] Judge Rachel P. Kovner of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Appellants*.

FOR PLAINTIFF-APPELLEE: ELLIOT DOLBY SHIELDS (David A. Roth, *on the brief*), Roth & Roth LLP, New York, NY (Robert J. Genis, Sonin & Genis, Esqs., Bronx, NY, *on the brief*).

FOR DEFENDANTS-APPELLANTS: MAXIMILIAN CREMA, Kaplan Martin LLP, New York, NY (Andrew P. Keaveney & Timothy J. Collazzi, Landman Corsi Ballaine & Ford, P.C., New York, NY, *on the brief*).

Appeal from an order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion to dismiss for lack of appellate jurisdiction is **GRANTED.**

On August 2, 2016, Plaintiff-Appellee Luisa Janssen Harger Da Silva was standing on the platform at the Atlantic Avenue-Barclays subway station in Brooklyn. She fainted, fell onto the tracks, was struck by an incoming train, and suffered serious injuries. Da Silva brought this diversity action against Defendants-Appellants New York City Transit Authority, Metropolitan Transportation Authority, and Raqia Shabazz, the operator of the train that hit Da

Silva (collectively, "Defendants"). In March 2024, after extensive discovery, Defendants moved for summary judgment. Defendants argued, *inter alia*, that they were entitled to summary judgment under New York's government function immunity and qualified immunity doctrines. The district court denied the portions of Defendants' motion relating to immunity, Defendants filed this interlocutory appeal, and Da Silva moved to dismiss this appeal for lack of appellate jurisdiction. After Defendants filed their notice of appeal, the case proceeded to trial, and a jury awarded Da Silva $81,700,000 in damages. Defendants have since filed a motion for judgment as a matter of law, and that motion remains pending as of the date of this order. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

Ordinarily, we lack jurisdiction to review a district court order denying summary judgment, *see Jok v. City of Burlington*, 96 F.4th 291, 294 (2d Cir. 2024), but under the collateral order doctrine, a "small class" of interlocutory rulings are immediately appealable, *Will v. Hallock*, 546 U.S. 345, 349 (2006). When determining whether the collateral order doctrine applies to an interlocutory order resolving state-law immunity defenses, we assess whether "under the law of the

sovereign that provides the immunity, those immunities are intended to be from suit, or just from liability." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 181 (2d Cir. 2008). Only orders resolving immunities from suit are immediately appealable under the collateral order doctrine; orders resolving defenses to liability may not be immediately appealed. *See id.*

We conclude that we lack appellate jurisdiction.[1] The New York qualified immunity defense that arises in the sphere of public planning, *see Weiss v. Fote*, 7 N.Y.2d 579, 588 (1960), affords only an "immunity from liability," rather than an immunity from suit, *Turturro v. City of New York*, 28 N.Y.3d 469, 479 (2016) (internal quotation marks omitted); *see also Brown v. State*, 89 N.Y.2d 172, 192 (1996) (citing qualified immunity under *Weiss* as an example of a "legal defense[] which the State may interpose to avoid liability"). Because New York's qualified immunity defense is not an immunity from suit, the collateral order doctrine is inapplicable, and we lack appellate jurisdiction.[2] *See World Trade Ctr.*, 521 F.3d at 181, 187.

---

[1] At oral argument, the Defendants withdrew their interlocutory appeal of the district court's denial of summary judgment as to their governmental function immunity defense, but not as to their qualified immunity defense.

[2] Our decision today does not affect Defendants' right to appeal from a final judgment in this case.

We have considered Defendants' remaining arguments and conclude they are without merit. Accordingly, Da Silva's motion to dismiss is **GRANTED**, and this appeal, docketed at 25-727, is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

